THELMA MULLENS, *Admx. v.* COUNTY COURT OF GREENBRIER COUNTY

(No. CC 458)

Submitted September 20, 1932.   Decided October 4, 1932.

*Salisbury & Lopinsky, T. G. Nutter, J. M. Ellis,* and *Hubard & Bacon,* for plaintiff.
*J. H. White,* for defendant.

LITZ, JUDGE:

This is an action in trespass on the case, instituted. in Kanawha county, by Thelma Mullens as administratrix of the estate of George Banks, deceased, against the county court of Greenbrier county, to recover damages under chapter 61, article 6, section 12, Code, for the wrongful death of Banks, who, on December 10, 1931, while confined in the county jail of said county (in the custody of its sheriff) on a criminal charge, was taken therefrom and put to death by a mob.

The statute provides that the county, in which a person charged with crime has been taken from a state, county or

municipal officer, lynched and put to death, shall be subject to a forfeiture of five thousand dollars, which may be recovered by appropriate action, in the name of the personal representative of the person put to death, brought for the use of his dependent family or estate, "in any state court". The trial court sustained a plea in abatement to its jurisdiction on the ground that the action should have been brought in Greenbrier county, and certified its ruling to this court for review.

Counsel for plaintiff contend that the statute confers jurisdiction in such case upon any court in the state having jurisdiction of the subject matter. Counsel for defendant, on the other hand, insists that it merely authorizes suit in a court within the territorial jurisdiction of the subject matter as prescribed by chapter 56, article 1, sections 1 and 2, which means that the provision in the statute permitting suit "in any state court", is without significance. It is true that, in the absence of statute, suits against a county must be brought therein *(Edmonds* v. *County Court,* decided contemporaneously herewith); but the statute in question was plainly intended to change the rule. This view is dictated by the language quoted as well as its context, showing the legislative policy to afford plaintiff in such case a fair trial by avoiding unfavorable local influence.

*Click* v. *Click,* 98 W. Va. 419, 127 S. E. 194, is relied on by defendant to support its plea. That case involved an interpretation of section 1, chapter 111, Code 1923, authorizing the supreme court of appeals or any circuit court or a judge of either court in vacation to issue the writ of habeas corpus ad subjiciendum and section 2 directing the return of the writ before the court or judge ordering the same or any other of "the said courts or judges". It was there held that the writ should be tried before the circuit court (or judge thereof) within whose territorial jurisdiction the person is restrained. The decision was based upon the unreasonableness of a different interpretation, the court (through Judge Hatcher), saying: "We think that a fair construction of these statutes taken in connection with other legislative acts warrant the view that while an application for a writ of habeas corpus can be made before, and the writ issued by,

any circuit judge, it should be made returnable before the court whose territorial jurisdiction embraces the one in custody. If such circuit court is not available, relief may be sought by any one in the Supreme Court, whose territorial jurisdiction is state-wide. Unless this view be taken of the matter, instead of promoting justice, justice could be hampered, and in some cases defeated. For example, if a prisoner sentenced to jail for a misdemeanor, could secure a writ from and have a hearing thereon before any court anywhere in the state, he need not stop upon the refusal of one court to discharge him; but, after failing in his first application, he could sue out a writ before some different court. Thus, he could spend the term of his imprisonment, or a considerable part thereof, in traveling from one circuit to another, seeking relief in habeas corpus proceedings. A construction permitting such acts is manifestly absurd. It is our duty as a court to construe a statute according to its intent; and give to it such construction as will uphold the law and further justice. It is as well our duty to disregard a construction, though apparently warranted by the literal sense of the words used, which would lead to injustice and absurdity.''

As already observed, both the letter and spirit of the statute in this case uphold the contention of plaintiff. The use of the writ of habeas corpus is frequent while actions under the lynching statute will necessarily be rare, but subject to local influence as anticipated by the legislature.

The ruling of the circuit court is, therefore, reversed and the case remanded.