# CHARLESTON

## COUNTY COURT *v.* HOLT, JUDGE.

Submitted June 15, 1906.   Decided December 18, 1906.

1. MANDAMUS—*When Granted.*

   *Mandamus* is a proper remedy to compel tribunals and officers exercising discretionary and judicial powers to act, when they refuse to do so, in violation of their duty, but is never employed to prescribe in what manner they shall act, or to correct errors they have committed.  (p. 154.)

2. SAME—*Dismissal of Appeal—Exercise of Judicial Powers.*

   In dismissing an appeal from a judgment rendered by a justice of the peace against a county court, because the same had been taken by a member of the county court, without previous direction or authority from said court to do so, and because no appeal bond had been given before the justice, a circuit court does not decline or refuse to exercise its powers and jurisdiction respecting the appeal; but, on the contrary, acts judicially in determining whether there is sufficient cause for dismissal; and *mandamus* will not lie to compel it to reinstate the appeal and proceed with the action. (p. 155.)

Application by the county court of Taylor county for writ of *mandamus* to John H. Holt, judge of the circuit court, and others.

*Writ Refused.*

A. ARMSTRONG and DENT & Dent, for petitioner.

A. W. BURDETTE, for respondents.

POFFENBARGER, JUDGE:

A *mandamus nisi* was awarded by this Court, upon the petition of the county court of Taylor county, directed to John Homer Holt, judge of the circuit court of said county, and J. H. Johnson and M. H. Watson, the latter two of whom are partners, trading as Johnson and Watson, commanding the said judge either to dismiss the action, pending in his court, wherein the said Johnson and Watson are plaintiffs and the said county court is defendant, for want of security for costs therein, or to try and dispose of the appeal in said action, taken to his court by the said county court, or that the defendants to said writ appear before this Court and show cause, if any they can, why a peremp-

tory writ of *mandamus* shall not be awarded, to compel the said judge to dismiss said action or hear and determine the same as aforesaid.

Johnson and Watson had brought an action, against said county court, before a justice of the peace of said county, for the recovery of an account, amounting to $33.25, for stationery furnished by them to said county court. After some preliminary proceedings, amendment of the return of the summons, the overruling of a motion to quash, and the requirement of security for costs, the case was heard by the justice, and the defendant, upon the hearing, set up, as a defense to the action, an order which it had spread upon its records, relating to the purchase of stationery, in violation of which, it was alleged, the contract for these supplies had been made by the clerk of the circuit court of said county. After judgment had been rendered by the justice, an appeal was taken to the circuit court by A. Armstrong, a member of the county court. In the circuit court, a motion to dismiss the appeal was made on the ground that it had not been taken by the county court, and no appeal bond had been given. At the same time, the defendants suggested the non-residence of the plaintiffs and demanded security for costs. Later, the parties again appeared and a copy of an order made by the county court was filed, dated several months after the appeal had been taken, approving the action of Armstrong, claiming the benefit of the appeal and asking the circuit court to entertain and try the action. On the same day the motion to dismiss the appeal was renewed and the court sustained it and dismissed the appeal as having been improvidently awarded.

The case was submitted to this Court upon a demurrer to the alternative writ of *mandamus* and a motion to quash the same. No ground is perceived upon which the proceeding can be sustained. It is against the judge of a court of general jurisdiction, clothed with full judicial power, and its object is to undo, or correct, a fully completed act, performed by him in term as judge of said court. In a legal sense, it was not his act as judge, but the act of the court. The dismissal of the appeal was the exercise of judicial, not ministerial, power. In determining whether or not the court would sustain the motion and dismiss it, it was necessary to consider

and conclude whether or not a county court, a corporation capable of suing and being sued, could maintain an appeal without having given bond, and, whether it could ratify, and take the benefit of, an appeal which it had not ordered. The determination of these questions clearly involves the performance of a judicial function. The defendant was entitled to an appeal as a matter of right, upon compliance with the statutory conditions precedent. That the circuit court did not deny. Nor did it deny its own jurisdiction to hear and determine the action. It did not refuse to act in the premises. Had it done so, *mandamus* would have been granted upon application therefor to compel it to do so. *Wheeling &c Co.* v. *Paul*, 39 W. Va. 148; *Cowan* v. *Doddridge*, 22 Grat. 458; *Page* v. *Clopton*, 30 Grat. 415. But whether these conditions had been complied with was a matter calling for judicial inquiry and determination, and upon that the court acted. By its decision the case went out of court, but the nature of the act done is not determined by its result or consequence. The motion to dismiss presented questions for consideration and judgment, similar to those arising on pleas in abatement and motions to quash process and returns thereon endorsed. Though such pleas and motions relate to the jurisdiction of the court, erroneous decisions made on them are never regarded as refusals on the part of the court to take cognizance of the actions in which they are rendered, even though the consequence is dismissal. To award a *mandamus* to reinstate a case so dismissed would make it virtually a writ of error to that extent. It can never be so employed, nor is it ever awarded to control or direct how discretionary or judicial power shall be exercised. Its sole office, as regards tribunals or officers exercising such powers, is to compel them to act, when they refuse to do so, not to prescribe in what manner they shall act, or remedy errors they have committed. *Miller* v. *County Court*, 34 W. Va. 285; *State* v, *County Court*, 33 W. Va. 589; *State* v. *Herrald*, 36 W. Va. 721; *Marcum* v. *Commissioners*, 42 W. Va. 263.

Application of these principles to the case in hand, renders it necessary to quash the alternative writ and adjudge costs against the plaintiff therein.

*Writ Refused.*