# CHARLESTON.

STATE *ex rel.* BAILEY, *et al. v.* COUNTY COURT OF RALEIGH COUNTY, *et al.*

(No. 6736)

Submitted March 12, 1930.   Decided April 1, 1930.

*Steptoe & Johnson* and *Stanley C. Morris,* for relators.

*J. Q. Hutchinson* and *File, Goldsmith & Scherer,* for respondents.

LITZ, JUDGE:

The petitioners, H. E. Bailey, John R. Smith, E. C. Minter, J. F. Houchins, Charles Hodel, A. S. Johnston, F. A. Couch, G. K. Sweeney, W. A. Argenbright, and W. C. Marcum, as citizens, residents, and taxpayers of Raleigh county, seek by original petition to this court a peremptory writ of mandamus

directed to the county court of said county, Lacy Cole, president, Charles Lively and J. C. Hobson, commissioners, and Jackson Smith, clerk of said court, commanding said Jackson Smith, clerk as aforesaid, forthwith to prepare, and the said county court and the members thereof forthwith to cause to be published in "The Post Herald" and "The Raleigh Register," newspapers of opposite politics published in said county, the financial statements of said county for the fiscal years ending June 30, 1928, and June 30, 1929, in accordance with section 35, chapter 39 of the Code, which provides: "The county court of every county, within four weeks after the first session held after the beginning of each fiscal year, shall cause to be published in at least two newspapers of opposite politics, if there be such, for one week, if any be published therein, or if none be published therein, or if no such paper will publish the same for the price fixed by law therefor, the same shall be posted at each place of voting in the county, an itemized account of the receipts and expenditures of the county, during the previous fiscal year by separate items, giving name of person to whom order is issued, together with amount of such order, arranging same under distinct heads, and also a specific statement of the debts of the county, showing the purpose for which each debt was contracted, the time when it became due and up to what time the interest thereon has been paid. Such statement shall be prepared by the clerk, and for performing such service he shall be allowed a reasonable compensation by such court."

The respondents resist the issuance of the writ on the ground that funds with which to meet the expenses of publication are unavailable. It is their claim that the levy estimate of $8,000 for legal advertising during the fiscal year ending June 30, 1930, has been exhausted in defraying the expenses of publications, chiefly of the delinquent property list, at a cost of $2,829.12, notice of tax sales at a cost of $4,610, and the list of tracts of land sold for taxes at a cost of $3,514. These particular items of expense, as petitioners contend, have been or will be returned to the county by the state and the individual purchasers of delinquent lands. The petitioners further con-

tend that the county court can, at least, partially provide the funds required to discharge its mandatory duty under the statute of directing the publication of the financial statements in question by curtailing unnecessary expenditures for county employees and otherwise.

We find no justification in the record for relieving the respondents of their plain and mandatory duty. The peremptory writ will therefore be awarded as prayed.

*Writ awarded.*