R. H. Edmondson *v.* The County Court of Hancock County, *a Corporation, et al.*

(No. C.C. 460)

Submitted September 20, 1932. Decided October 4, 1932.

*Wm. S. John,* for plaintiff.
*Ingram & Levy,* for defendants.

Maxwell, Judge:

This certification involves challenges of the sufficiency of the declaration and a plea in abatement. The action arises

from the circuit court of Monongalia county, and is predicated on a claim for damages for personal injuries to the plaintiff sustained on a highway in said county.

Plaintiff charges in his declaration that his injuries were occasioned by the negligence of a deputy sheriff of Hancock County in driving a passenger automobile owned by the county court of Hancock county. The defendants are the county court of Hancock county, the sheriff of said county, and the said deputy sheriff. It is averred in the declaration that the sheriff was the custodian of said automobile for the county court and that on the day of the accident the deputy sheriff, with the consent and approval and under the direction of both the county court and the sheriff, was driving the automobile through Monongalia County returning from Hopemont Hospital at Terra Alta whither he had conveyed as a passenger in the automobile, a certain other employee of said county court to visit a member of his family who was a patient in said hospital. The defendants were served with process in Hancock County.

By plea in abatement, the defendants challenged the jurisdiction of the circuit court of Monongalia. The court sustained plaintiff's demurrer to the said plea and struck it out, holding that the action was properly brought in Monongalia, being the county wherein the cause of action arose, and one of the defendants being a corporation.

Following the ruling on the demurrer to the plea in abatement, the court sustained a demurrer of the county court to the declaration and overruled a demurrer thereto of the individual defendants, holding that the county court was not liable under the cause of action set forth in the declaration, but that the declaration is sufficient to state a cause of action against the sheriff and his deputy.

Was the trial court justified in maintaining jurisdiction of the action on the ground that the cause of action arose within Monongalia, one of the defendants (county court of Hancock) being a corporation? The statute on which that position is predicated provides that a suit may be prosecuted in any county wherein the cause of action arose, although none of the defendants resides therein, if one of the

defendants is a corporation. Code 1931, 56-1-2. Are all kinds of corporations included in this statute? Obviously it applies to private corporations—industrial, financial, and the like. A county court is declared by law to be a corporation, Code 1931, 7-1-1, but it is of a different sort. It is governmental or political in nature. It has no charter authorizing it to engage in particular lines of business. Its functions pertain only to the affairs of the county, primarily fiscal. There is no fundamental reason why it should be dealt with on the same plane as a corporation engaged in commerce, industry or finance for the aggrandizement of its stockholders.

It is a general rule that suits against a county must be brought in the courts of law and equity of such county. *Cullman County* v. *Blount County*, (Ala.) 49 So. Rep. 315; *Lehigh Co.* v. *Kleckner*, 5 Watts & Sergeant (Penna.) 181. Of course this general rule may be varied by statute *(Mullens* v. *County Court of Greenbrier*, decided at this term, 166 S. E. 116), but the instant case can in no wise be brought within any statutory exception. Therefore, we reach the conclusion that the county court of Hancock could not properly be sued in this action in the circuit court of Monongalia. In this view, the plea in abatement of the county court of Hancock should have prevailed as a complete defense of said defendant to the action.

It follows that the plea in abatement of the individual defendants also should have prevailed, because there is no possible theory on which they could be proceeded against in this action in the circuit court of Monongalia other than that their co-defendant, the county court of Hancock, being before the circuit court of Monongalia as a corporate defendant, jurisdiction attached as to them under the statute, Code 1931, 56-1-2. The basis of jurisdiction as to county court failing, all fails. It therefore becomes. unnecessary to consider the demurrer to the declaration.

Entering here such order as the circuit court should have entered, we overrule the plaintiff's demurrer to the plea in abatement, and it appearing that the plea does not present issuable matters of fact and therefore that there would be

no purpose in remanding the case for further procedings, we enter judgment of *nil capiat* as to all the defendants, but without prejudice to any rights the plaintiff may have as to any of the defendants.

*Reversed; judgment rendered.*