BOARD OF EDUCATION OF THE DISTRICT OF FAYETTEVILLE *et al.*
*v.* EDGAR C. LAWSON, *Auditor.*

(No. 7479)

Submitted September 18, 1932.   Decided November 18, 1932.

*Simms & Simms,* for relators.

*H. B. Lee,* Attorney General and *R. Dennis Steed,* Assistant Attorney General, for respondent.

LIVELY, JUDGE:

This is a mandamus proceeding to correct an error made in the state auditor's office whereby there was an improper apportionment or allocation of the assessed value of the property of the Chesapeake & Ohio Railway among the various counties, magisterial district, and municipalities through which the railroad extends, for purposes of taxation.

A demurrer to the petition is interposed.   There is no answer.   Therefore, the facts set up in the petition are taken as true.

The assessment of the railroad property by the Board of Public Works for taxation purposes for the year 1932 was eighty million dollars and the true apportionment of that assessment to Fayetteville magisterial district should have been $1,933,672.00, whereas the clerical force of the auditor's office erroneously allocated to that district the sum of $1,373,330.00. The auditor makes such apportionment under 11-6-13, Code

1931. Upon complaint to the tax commissioner, the error was discovered, and assuming that the error would be corrected, the tax commissioner advised the district to take into consideration the true sum which should have been originally allocated to it, in laying its levies, and the board of education for that district did so, including in its estimate of taxable property in the district the true amount which should have been allocated. These are the material facts stated in the petition. The petition avers that if the error be not corrected, the board of education will be deprived of the sum of approximately $15,000.00 in its tax revenues.

The error appears to have been occasioned by oversight or inadvertence of the clerical force in the tax commissioner's office in treating 12.88 miles of railroad track in said magisterial district as *secondary* track, instead of *main,* primary track as it should have been treated and considered. Before 1931, this mileage of track was considered and treated as secondary track, but in that year, it was reported and assessed as primary track, and the allocations made accordingly; but this year, the old error inadvertently crept in resulting in the apportionment complained of.

Petitioner presents a clear legal right to have the error (by which it is injured) corrected. It must be remembered that the facts stated in the petition are not controverted and are taken as true. The correction of the error may create some disturbance in the assessments and tax revenues of other districts in other counties, but consideration of that fact does not outweigh the clear legal right of petitioner. We perceive no other adequate remedy, and the writ will issue.

*Writ awarded.*