J. H. MYERS *v.* STATE COMPENSATION COMMISSIONER *et al.*

(No. 7555)

Submitted January 26, 1933. Decided February 7, 1933.

*Hughes & Bowyer,* for relator.

*H. B. Lee,* Attorney General and *R. Dennis Steed,* Assistant Attorney General, for respondent.

KENNA, JUDGE:

Relator seeks a writ of mandamus directed to the compensation commissioner, requiring that his case which was closed July 26, 1929, by the final payment of an award theretofore made, be reopened. The case has been in this court before

and the facts are fully set out in a painstaking opinion by Judge Litz, speaking for the court, in *Myers* v. *Compensation Commissioner*, 110 W. Va. 425, 158 S. E. 512. That appeal was dismissed as improvidently awarded because not brought within the ninety-day period fixed by statute.

Relator shows that on the 9th of January, 1933, he filed his petition with the compensation commissioner praying that his case be reopened and setting forth therein the facts upon which the prayer is based. The only circumstances disclosed by the petition filed with the compensation commissioner and by the petition for a writ of mandamus here is that petitioner was examined by Dr. B. P. Garred on January 3, 1933, and that Dr. Garred reported as follows: ''I hereby certify that I have this day examined Mr. J. H. Myers of Riverview and find a bad rupture of the right side (inguinal region) large and over six inches long; also an irregular heart. In my opinion, he is absolutely unable to stand an operation considering his age and condition, and not able to work. In my opinion the rupture will increase in size and does.'' Based upon this examination and report, the petition filed before the compensation commissioner states: ''Your petitioner further represents that the evidence of the said Dr. Garred was not considered by your Honor in making the aforesaid award of September 26, 1928; that it is new evidence bearing on the increased size of said hernia; that the other evidence contained in said letter is of a later date and is more valuable than the evidence acted upon by your Honor for the reason it shows that said injury has grown worse, and is still doing so, and it further shows the failure of your petitioner to effect recoveries which might have been anticipated by physicians who made the examination upon which your Honor acted.''

On the appeal of the petitioner here, which was dismissed as improvidently awarded, the opinion, in reciting the evidence before the compensation commissioner, quotes a report from Dr. Lewellyn under date of February 21, 1928, as follows: ''His condition (referring to petitioner) at present time is virtually the same as it has been for the past two years; that is, that he has large inguinal hernia which, at his age, is inoperable and will continue to increase in size and become more painful. He is unable to work as he has

been for the past two or three years, although he attempted it up to a few months ago. Since he ruptured himself his physical labor has always been painful.'' Dr. Garred did not attribute the irregular heart condition to the original injury, nor did petitioner assign it before the commissioner as a ground for reopening the case.

It will be seen from the foregoing that at the time the commissioner refused to reopen petitioner's case prior to the former attempted appeal, he had before him evidence showing that petitioner's condition would become steadily aggravated and that the rupture would increase in size and become more painful. This is the only evidence set forth in the petition filed with the compensation commissioner to reopen his case on January 9, 1933, and is the only evidence referred to in the petition for this mandamus. On the grounds of a new condition not considered by the commissioner at the time of making an award, we could, upon his refusal to reopen the case for the consideration of such new condition, mandamus him to do so, provided his jurisdiction thereof had not ended. *Bonner* v. *Compensation Commissioner*, 110 W. Va. 38, 156 S. E. 847. However, no such condition exists here. Also, in the event that the commissioner acted under a total mis-apprehension of the law and in clear abuse of petitioner's legal right, we could grant mandamus to reopen the case if there were no other remedy. But here petitioner, after his case was decided by the commissioner, had a plain and adequate remedy by appeal provided. This he failed to pursue during the statutory period. That fact was determined upon the former appeal. This being so we are forced to declare that until and unless petitioner can show some new condition not considered by the compensation commissioner upon the closing of his case in July, 1929, mandamus will not lie to compel the compensation commissioner to reopen his case. This principle does not require the statement of exhaustive authority. We are therefore content to refer to the general statement in 18 R. C. L., 131, as follows:

"The common law writ of mandamus is a prerogative writ invented for the purpose of supplying defects of justice, and issued where there was no other means of obtaining justice within the reach of the

petitioner. Its object is not to supersede but to supply the want of a legal remedy; therefore to authorize its issuance, two facts must coexist, the right to have the particular act or duty performed and the want of an adequate or specific remedy at law. * * * In order to bar the issuing of the writ, it is not necessary that the other remedy be available at the time of applying for the mandamus, but if the petitioner had a clear legal remedy, adequate to enforce his rights, of which he failed to avail himself, and which he lost through his own neglect, the writ will not lie."

The writ of mandamus is refused and the petition dismissed.

*Writ refused.*