OHIO CORRUGATED CULVERT COMPANY *v.* COUNTY COURT OF LOGAN COUNTY

(No. 7717)

BAILEY-TREEN MACHINERY COMPANY *v.* COUNTY COURT OF LOGAN COUNTY

(No. 7718)

BANKS-MILLER SUPPLY COMPANY *v.* COUNTY COURT OF LOGAN COUNTY

(No. 7719)

BANKS-MILLER SUPPLY COMPANY *v.* COUNTY COURT OF MERCER COUNTY

(No. 7720)

UNION CONCRETE PIPE COMPANY *v.* COUNTY COURT OF
MERCER COUNTY

(No. 7721)

OHIO CORRUGATED CULVERT COMPANY *v.* COUNTY COURT OF
RALEIGH COUNTY

(No. 7722)

BAILEY-TREEN MACHINERY COMPANY *v.* COUNTY COURT OF
RALEIGH COUNTY

(No. 7723)

BANKS-MILLER SUPPLY COMPANY *v.* COUNTY COURT OF
RALEIGH COUNTY

(No. 7724)

BALDWIN SUPPLY COMPANY *v.* COUNTY COURT OF
RALEIGH COUNTY

(No. 7725)

OHIO CORRUGATED CULVERT COMPANY *v.* COUNTY COURT OF
LINCOLN COUNTY

(No. 7726)

BANKS-MILLER SUPPLY COMPANY *v.* COUNTY COURT OF
LINCOLN COUNTY

(No. 7727)

BAILEY-TREEN MACHINERY COMPANY *v.* COUNTY COURT OF
FAYETTE COUNTY

(No. 7728)

BAILEY-TREEN MACHINERY COMPANY *v.* COUNTY COURT OF
CLAY COUNTY

(No. 7730)

OHIO CORRUGATED CULVERT COMPANY *v.* COUNTY COURT OF
NICHOLAS COUNTY

140

(No. 7731)

BAILEY-TREEN MACHINERY COMPANY *v.* COUNTY COURT OF
NICHOLAS COUNTY

(No. 7732)

WHEELING CORRUGATING COMPANY *v.* COUNTY COURT OF
PRESTON COUNTY

(No. 7733)

WHEELING CORRUGATING COMPANY *v.* COUNTY COURT OF
WYOMING COUNTY

(No. 7734)

WHEELING CORRUGATING COMPANY *v.* COUNTY COURT OF
TAYLOR COUNTY

(No. 7738)

OHIO CORRUGATED CULVERT COMPANY *v.* COUNTY COURT OF
WYOMING COUNTY

(No. 7739)

Submitted September 7, 1933.   Decided October 3, 1933.

*Lee, Blessing & Steed,* for relators.
*Claude A. Joyce, H. E. Dillon, Jr., T. A. Myles* and *G. D. Herold,* for different respondents.

LITZ, JUDGE:

These cases, in mandamus, involve two classes of indebtedness against county courts. The first class is represented by

county orders. The second consists of open demands. The writ is sought to compel the respective county court respondents, issuing the orders, to lay special levies for their payment, and to compel the respondents against which the open accounts are asserted to issue orders thereon and lay special levies to pay the same.

The validity of none of the claims is denied. In a majority of the cases, there is no appearance for respondents; in some, there is an appearance by demurrer only; one respondent answers, but fails to set up any legal defense. We are, therefore, bound by the record and cannot indulge in surmise as to whether any of the alleged debts were in fact contracted in violation of section 13, article 8, chapter 11, Code 1931, which not only prohibits fiscal bodies from entering into contracts involving the expenditure of funds *not available for the current year,* but declares that such contracts shall be illegal and void. The validity of none of the claims having been questioned, it is no defense that the levies necessary for their payment, added to the levies already made for current governmental expenses, may exceed the maximums of levies authorized by the constitutional limitation. *Welch Water Co.* v. *Town of Welch,* 64 W. Va. 373, 62 S. E. 497; *Von Hoffman* v. *Quincy,* 71 U. S. 535, 18 L. Ed. 403.

The enforcement of county orders by mandamus, requiring the county court issuing the same to lay special levies for their payment, is expressly authorized by section 9, article 5, chapter 7, Code 1931.

The remaining question for consideration is whether the payment of open claims may be so enforced. This procedure was permitted by section 43, chapter 39, Code 1923, but section 9, article 5, chapter 7, Code 1931, limits the remedy to claims which have been reduced to judgment or merged in orders. The Revisers' note to the amended statute follows: "The provision of section 43, chapter 39, Code 1923, permitting proceedings by mandamus on an open demand is omitted, as it is not thought proper to authorize such a proceeding unless the amount due has first been ascertained by an order of the county court or judgment of a court." Relators contend that mandamus is warranted under section

5, article 11, chapter 17, Code 1931, which requires payment by the sheriff of orders issued by the county court for work done or materials furnished by a ''contractor or other persons'' in and about the construction, reconstruction or improvement of county-district roads. They also rely upon *Draper* v. *Road Commission*, 102 W. Va. 633, 135 S. E. 837, in which mandamus was issued against a division engineer of the state road commission and the members thereof, compelling the engineer to certify to the road commission estimates of work performed by road contractors and the commission to issue its requisition upon the auditor for payment thereof, under section 28, chapter 43, Code 1923, which provides: ''Any claim of a (road) contractor, or contractors, or others, not heretofore provided for, for labor done or for materials and supplies furnished to the State Road Commission, pursuant to the provisions of this (the State Road) Act, shall be audited by the commission, and, if found to be correct, the commission shall issue its requisition upon the Auditor of the State therefor, showing the nature of said claim and whether it is for labor done or materials and supplies furnished for the construction of State roads, or for other purposes.'' The procedure in that case was justified because the state could not be sued and to have denied the remedy would, therefore, have left the relators without any relief. Here, the relators may proceed by ordinary action against the county court. Mandamus will not lie, as a rule, to enforce payment of an open claim where there is another adequate remedy. 38 C. J. 764; *King William Justices* v. *Munday*, 2 Leigh 165, 21 Am. Dec. 604.

Writs will be awarded as prayed for where county orders have been issued and denied in instances involving open demands.

*Writs awarded in some instances and denied in others.*