JULIAN J. MASTERS *v.* E. L. MORRISON, *Receiver, et al.*

(No. 8288)

Submitted January 14, 1936. Decided February 4, 1936.

*H. L. Van Sickler* and *W. E. R. Byrne,* for plaintiff in error.

*Mark L. Jarrett,* for defendant in error.

MAXWELL, JUDGE:

This is a writ of error to a judgment of the circuit court of Greenbrier County awarding a peremptory writ of mandamus at the instance of Julian J. Masters against E. L. Morrison, Receiver of the Bank of Greenbrier, a corporation, and George Ward, Commissioner of Banking of the State of West Virginia, requiring the respondents to pay to the relator, as a preferred claim, the sum of $781.58, on condition that Masters shall execute and deliver to Morrison, Receiver, an indemnifying bond in the sum of $1,000.00 with sufficient surety.

It is alleged by the relator, undenied by the respondents, that in an aggregate of installments, there was paid by the Veterans' Bureau of the United States Government to relator as committee of one James Robinson, a

convict, of Greenbrier County, the sum of $1116.55, which sum he deposited to his credit as such committee in the Bank of Greenbrier; that the said money was in fact intended by the Veterans' Bureau to be paid by it to one James Robinson of McDowell County, and was mistakenly paid to relator; that Morrison, receiver of said bank, now an insolvent institution, has re-paid to relator on account of said deposit the sum of $334.97, leaving a balance of $781.58.

Respondents' challenge of jurisdiction in mandamus must be sustained. Mandamus is an extraordinary remedy, a high prerogative writ, not available where other adequate remedy will suffice. *Board of Education* v. *Lawson*, 113 W. Va. 60, 166 S. E. 696; *Wilder* v. *Kelley*, 88 Va. 274, 13 S. E. 483. In addition, there must be a clear legal right of the relator and a plain duty of the respondent. *Morton* v. *Sims*, 114 W. Va. 434, 172 S. E. 531.

These basic tests and requirements are not met here. There is no clear right of the relator to have this money; by his very petition, it appears that it does not belong to him and that he is not its proper custodian. Nor is there plain duty on the respondents to pay the money to the relator under such circumstances. As to adequateness of procedure, it is evident that other recourse may be had which will conserve the rights of every one who may be interested. In addition to the parties to this proceeding, there should be before the court having jurisdiction the United States Government or the Veterans' Bureau, or a proper representative. And, there should be process upon James Robinson of Greenbrier and James Robinson of McDowell, the court adopting and following usual procedure to conserve and protect their interests. In addition to the problems of personal identification, and the rights, if any, of the relator, there will be for determination the question whether the fund is subject to priority of lien in favor of the United States, U. S. C. Title 31, Sec. 191; or whether, under principles applied in *Puffenbarger* v. *Charter*, 112 W. Va. 488, 165 S. E.

541, and *Spicer* v. *Smith*, 288 U. S. 430, 53 S. Ct. 415, 77 L. Ed. 875, there is no such lien.

For reasons stated, we reverse the judgment and dismiss the proceeding.

*Reversed and dismissed.*