STATE *ex rel.* JOHN C. WARD, *Sheriff*

*v.*

COUNTY COURT OF RALEIGH COUNTY, *et al.*

(No. 10578)

Submitted May 19, 1953. Decided June 30, 1953.

LOVINS, JUDGE, dissenting.

*W. A. Thornhill, Jr.,* for petitioners.

*Anthony J. Sparacino,* for defendants.

BROWNING, JUDGE:

John C. Ward, Sheriff of Raleigh County, filed this petition on behalf of himself and certain of his deputies asking that a writ of mandamus be directed to the County Court of Raleigh County and its Commissioners compelling them to approve certain expense accounts for payment.

The petition avers that the relator appeared before the County Court, at a regular meeting thereof on April 7, 1953, and presented, under oath, a full and accurate account of all his actual and necessary expenses, and those of his deputies, incurred under the provisions of Chapter 7, Article 7, Section 12 of the West Virginia Code; and that some accounts were approved while others were denied for the reason that on December 19, 1950, the County Court had entered an order forbidding the sheriff or his deputies from incurring any expense in excess of $125.00 per calendar month.

The County Court demurred to the petition on the grounds that: (1) It is shown on the face that the defendants in refusing payment exercised their judgment in the matter and have not refused to perform any duty which they are compelled by law to perform; and (2) that the plaintiff has other specific and adequate remedies at law; and then answered denying that they proceeded under the December 19, 1950, order in refusing payment, but averring that payment was refused because the statements of account presented did not accurately itemize actual and necessary expenses legally incurred, thus raising an issue of fact.

The County Court, on May 5, 1953, entered an order approving each of the accounts now in issue in the amount of $125.00, the order further stating that: " * * * and all claims for any amount in excess of One hundred

twenty five dollars ($125.00) contained in each of said vouchers for reasons appearing to the court are not approved and are disallowed, to which action of the court the sheriff, John C. Ward, and his deputies, at the time objected and excepted. This order should have been entered April 7, 1953, is entered now for then."

Article VIII, Section 24 of the Constitution of West Virginia provides that county courts shall: " * * * have the superintendence and administration of the internal police and fiscal affairs of their counties, * * * with authority to lay and disburse the county levies: * * *." The office of sheriff is likewise a constitutional office with certain powers and duties prescribed both by the Constitution of this State and by the Legislature.

Code, 7-7-12, as amended by Chapter 31, Acts of the Legislature, 1949, provides: "The county court shall allow the actual and necessary expenses incurred or expended by the sheriff in arresting, pursuing or transporting persons accused or convicted of crimes and offenses, including the cost of law enforcement and safety equipment, and in conveying or transferring any person to or from any state institution to which he may be committed from his county, where by law the sheriff is authorized to convey or transfer such person, and shall allow the actual and necessary expenses incurred or expended in serving summonses, notices, or other official papers in connection with the sheriff's office, including an allowance of seven cents per mile for each mile a sheriff or deputy sheriff is required to drive his personally owned car in the performance of his duties hereunder. Every sheriff shall file monthly, under oath, a full and accurate account of all his actual and necessary expenses mentioned in this section, supported by verified accounts for his deputies for amounts expended or incurred by each, before payment thereof shall be allowed by the county court."

Mandamus will lie to enforce the performance of duties imposed by statute upon a public official. *State* v.

*Sims,* 129 W. Va. 694, 41 S. E. 2d 506. In *State* v. *Raleigh County Court,* 109 W. Va. 31, 152 S. E. 784, it was specifically held that a county court may be compelled by mandamus to perform a duty prescribed by statute.

The petition, which alleges that the respondents had refused to approve for payment verified accounts submitted by the sheriff and certain of his deputies, although such expenses were actual, necessary and incurred in the performance of their official duties, is, in the absence of explanation by the respondents, sufficient, and, therefore, the demurrer is overruled.

The respondents in answering deny that their refusal to approve the accounts of the relator and his deputies was based upon the order of December 19, 1950, and state that they disallowed certain accounts presented because they did not show accurate itemization of actual and necessary expenses legally incurred and "that the accounts presented contained mileage claims on behalf of several deputies who are employed strictly on a salary basis, * * *." It appears from the depositions that the respondents E. Van Dorsey and A. J. Lilly, present county commissioners, were not members of the court on December 19, 1950 when the order heretofore mentioned was entered, but that the respondent H. G. Farmer was a member at that time. Van Dorsey and Lilly testified that they were, on April 7, 1953, unaware of the existence of the order of December 19, 1950, and all three members of the court testified that the refusal to approve the accounts was not based upon that order. However, it appears from the depositions that whatever the court's action may have been based upon, the accounts of the sheriff and his deputies had, from the date of the entry of the December 19, 1950 order to April 7, 1953, been routinely reduced to the sum of $125.00 a month in all cases where the accounts exceeded that sum with a few exceptions covering the months of January and February, 1953. Furthermore, it would appear from the depositions of the commissioners that no inquiry was made

of the sheriff or his deputies regarding the legitimacy of any item in any expense account, although an examination of the photostatic copies of several of the accounts filed at the April meeting of the court shows notations following certain items such as "Why", "No detail", and other similar insertions. The commissioners, however, did not testify, nor do they contend, that any questionable item was specifically eliminated from any of the expense accounts submitted.

It is evident from this record that the county court followed the general practice of paying all expense accounts submitted by the relator and his deputies in amounts less than $125.00, and with the few exceptions noted, reducing all others to that sum. If any doubt existed upon this question, it was resolved by the order entered by the county court on May 5, 1953, subsequent to the filing of the relators' petition in this Court and the issuance of the rule. We do not consider that order for any purpose other than the evidentiary value it may have in this proceeding. An attested copy thereof was offered in evidence by relators during the taking of the depositions without objection by respondents. That order specifically states, as heretofore related, that the accounts of the sheriff and his deputies, which are in dispute in this proceeding, are approved for the sum of $125.00, and all in excess thereof "for reasons appearing to the court are not approved and are disallowed."

We are well aware of the fact that mandamus is never employed to prescribe in what manner officers exercising discretionary powers shall act, and that it cannot be used to control the manner in which an elective duty shall be performed, nor to direct the exercise of discretion. *Taylor County Court* v. *Holt,* 61 W. Va. 154, 56 S. E. 205. However, mandamus will lie to compel an administrative officer to do a particular act which he has refused to do, even if his action depends upon the exercise of judgment or discretion if his refusal to act is arbitrary, capricious, or based upon a misapprehension

of the law. *State ex rel. Noyes* v. *Lane,* 89 W. Va. 744, 110 S. E. 180; *State ex rel. Dillon* v. *Neal,* 104 W. Va. 259, 139 S. E. 757; *State* v. *Board of Education,* 135 W. Va. 349, 63 S. E. 2d. 579.

The language used by the Legislature in Code, 7-7-12, is free from ambiguity, and its meaning is plain, therefore, interpretation by this Court is unnecessary. *State ex rel. Unemployment Compensation, etc.* v. *Continental Casualty Co.,* 130 W. Va. 147, 42 S. E. 2d. 820. It gives the respondents no authority to fix a maximum sum to be paid the sheriff or his deputies for legitimate expenses incurred, and their action in doing so is arbitrary and based upon a misapprehension of the clear and mandatory provisions of Code, 7-7-12.

We do not say, however, that Code, 7-7-12, requires the County Court of Raleigh County to approve as submitted all expense accounts of the sheriff and his deputies. That section also requires that they shall file an accurate, verified account of their actual and necessary expenses before payment thereof be allowed by the county court.

The respondents maintain that the relators have not complied with that provision of the law. The details of the manner in which the respondents exercise their discretionary authority in this regard cannot be controlled in this proceeding. However, if the sheriff and his deputies have not submitted full and accurate accounts of their expenses, they should not be approved for any amount. The county court would be derelict in its duty in approving any expense account without proper authentication, whether such account be below the $125.00 limit or in excess thereof. There can be no doubt that it was the intention of the Legislature, in adopting the provisions of Code, 7-7-12, to not only authorize but require the county court to examine the expense accounts of the sheriff and his deputies to determine whether the items submitted represented actual and necessary expenses, and to eliminate and not approve those which did not.

The county court apparently has, over a long period of time, accepted the forms presently in use and the information contained thereon as sufficient, but it may require the submission of more extensive information by the sheriff and his deputies if the members of the court believe it necessary.

It does not follow as a matter of course that a writ of mandamus should issue commanding the County Court of Raleigh County to approve the expense accounts submitted to it by the sheriff and certain of his deputies at the April, 1953 session of that court. However, since it is our finding that the respondents cannot arbitrarily fix a maximum sum above which it will not give its approval, we do require that the county court shall audit such accounts, and each of them, to determine whether they show a full and accurate accounting of the actual and necessary expenses mentioned in Code, 7-7-12, and shall approve all such accounts if it is found that the expenses for which reimbursement is sought are actual, necessary and incurred in the performance of official duties as defined by statute. To this extent only shall the writ of mandamus issue.

*Writ awarded.*

LOVINS, JUDGE, dissenting:

I dissent from the conclusion reached in this proceeding. I do not think that the pleadings and proof justify the award of a peremptory writ of mandamus.

Of course, if the County Court of Raleigh County is legally indebted to the Sheriff of that county, they may be, and should be, compelled by proper procedure, to pay that indebtedness. But, I think that the extraordinary remedy of mandamus is not the proper way to enforce payment.

The syllabus holds that it is a mandatory duty upon the county court of the county to allow the actual and necessary expenses incurred or expended by a Sheriff and his deputies in the performance of duties set forth

therein. But the syllabus leaves in the realm of uncertainty, the question who shall determine whether expenses are actual and necessary. I think that duty, by the very terms of the statute and long continued course of administration in this state, devolves upon the county court as a matter of discretion. Of course, after the questions are once determined, it becomes the duty of the county court to pay the sum so determined.

A county court may be sued in an ordinary action at law. The county court "may sue and be sued, plead and be impleaded, and contract and be contracted with". Code, 7-1-1. A prerequisite for an action or suit against the county court is set forth in the following statute: "No suit shall be brought against a county court for any demand for a specified sum of money founded on contract, except an order on the county treasury, until such demand has been presented to such court and been disallowed by it in whole or in part. But if the court neglect or refuse to act on such demand by the close of the first session after that at which it is so presented, or of the second session after it is filed with the clerk for presentation, it shall be deemed to have been duly presented and disallowed." Code, 7-5-8.

It also follows from the provisions of Code, 7-5-9, to the effect that a judgment may be obtained against a county court on an open claim or demand.

This Court has allowed a recovery in a proceeding by notice of motion for judgment. *Coal & Coke Co.* v. *County Court*, 76 W. Va. 610, 87 S. E. 258. Implicit in the opinion of this Court in *Edmondson* v. *County Court*, 112 W. Va. 601, 166 S. E. 117, is the principle that a county court may be liable for negligence and recovery had. I think it is well sustained by authority that in a proper instance, a county court may be sued for money due on contract and judgment rendered. But a county court, being a governmental body, after judgment is once rendered or a county order duly issued, no execution will issue.

In the case of *Culvert Co.* v. *County Court*, 114 W. Va.

138, 171 S. E. 110, a person holding a judgment against the county court may have a mandamus to enforce the collection of judgment, requiring a special levy to be made. A similar rule applies to collection of a county order theretofore issued by a county court. Mandamus will lie to compel the payment of such order. But in the case of *Culvert Co.* v. *County Court, supra,* another principle is stated: "Mandamus will not lie. as a rule, to enforce payment of an open claim where there is another adequate remedy." That principle has been established in this jurisdiction since 1830. *King William Justices* v. *Munday,* 2 Leigh 165, Virginia Reports, Annotated 290. As above stated, the remedy for the payment of a debt due from the county court is by an action at law. Code, 7-5-9, limits the remedy of mandamus to "claims which have been reduced to judgment or merged in orders." *Culvert Co.* v. *County Court, supra.*

The claim by the Sheriff of Raleigh County, here presented, undoubtedly is an open claim, he demanding certain amounts and the county court of that county refusing to pay them. I think that a composite definition of an open claim in the sense here discussed is: An assertion of the right to a sum of money not determined, settled or fixed by the person against whom the claim is made. See Black's Law Dictionary, pages 313, 1242. The holding in *Culvert Co.* v. *County Court, supra,* seems to me to clearly preclude the allowance of a peremptory writ of mandamus in this proceeding, when proper regard is paid to the rule of *stare decisis,* and the factual situation shown by this record.

An examination of the opinion of this Court in *Miller* v. *County Court,* 34 W. Va. 285, 12 S. E. 702, discloses a startling similarity to the facts shown in this proceeding. The Sheriff of Tucker County presented a claim for various expenses incurred by him and for commission allegedly due which the county court declined to pay. This Court held, on writ of error to a judgment of the Circuit Court of Tucker County, that the Circuit Court

should have sustained a demurrer to the petition and denied the writ of mandamus. On writ of error this Court denied the writ of mandamus prayed for by the Sheriff. The statute applied by this Court in *Miller* v. *County Court, supra,* Section 34, Chapter 5, Acts of the Legislature, 1881, Regular Session, is equally imperative as Chapter 31, Acts of the Legislature, 1949, Regular Session.

It is a well known principle that mandamus is not available where another specific and adequate remedy exists. This principle of law is supported by numerous authorities. See *Lawhead* v. *County Court,* 129 W. Va. 167, 38 S. E. 2d 897; *Miller* v. *Board,* 126 W. Va. 248, 27 S. E. 2d 599; *Myers* v. *Commissioner,* 113 W. Va. 316, 167 S. E. 740; *Bd. of Ed.* v. *Lawson,* 113 W. Va. 60, 166 S. E. 696; *Hall* v. *Staunton,* 55 W. Va. 684, 47 S. E. 265; *Payne* v. *Staunton,* 55 W. Va. 202, 46 S. E. 927.

I think it is clear that the Sheriff of Raleigh County had a sufficient, adequate and specific remedy by an action on contract for the recovery of alleged amounts due him as expenses. After the claim had been reduced to judgment, or merged in an order, he then, under the statute, Code, 7-5-9, would be entitled to a writ of mandamus to enforce the payment of such judgment or order, but not before such judgment was rendered, or order issued. I think that this proceeding states a fallacious and unwarranted principle concerning the law of mandamus by awarding an extraordinary remedy to take the place of an ordinary remedy.

It is argued in effect in the Court's opinion that it is a mandatory duty of the County Court of Raleigh County to audit the accounts of the Sheriff. I think an audit of the accounts submitted by the Sheriff in this proceeding would be difficult, if not impossible, of performance. Copies of the accounts filed by the sheriff with the county court are in the record as exhibits with the depositions taken. An examination of the accounts of the Sheriff of Raleigh County shows that they are models of uncer-

tainty and indefiniteness, leaving most everything to the imagination, except the amounts thereof. Most of the so-called items show the name of a place or person, and little else. I do not think that the Sheriff of Raleigh County has ever presented a proper itemized account to the county court of that county, as provided by Chapter 31, Section 12, Acts of the Legislature, 1949, Regular Session. A further discussion would unduly prolong this note of dissent, but a close examination and analysis of the various statements of account filed by the relator shows that it falls far short of what an itemized account should be to permit a correct audit thereof.

A suit against the county court cannot be maintained unless the account is properly presented and disallowed, wholly or in part, or the county court has neglected or refused to act thereon. *Barbour* v. *County Court,* 85 W. Va. 359, 101 S. E. 721.

The county court in my opinion, is required by Chapter 31, Article 7, Section 12, Acts of the Legislature, 1949, Regular Session, to pay only actual or necessary expenses incurred by the Sheriff in various accounts, but determination of the legality, necessity and actuality of such expense is a discretionary matter vested in the county court by statute and the constitution of this state. County courts have " * * * superintendence and administration of the internal police and fiscal affairs of their counties * * * ". Article VIII, Section 24, Constitution of West Virginia.

Mandamus does not lie to control the exercise of discretionary power of the county court. *State* v. *County Court,* 33 W. Va. 589, 11 S. E. 72. "Mandamus will not lie to control the exercise of the discretion of any court, * * * when the act is either judicial or *quasi-judicial* in its nature. * * * " *Roberts* v. *Paul, Judge,* 50 W. Va. 528, 40 S. E. 470; *Buxton* v. *O'Brien,* 97 W. Va. 343, 125 S. E. 154; *Gas Co.* v. *DeBerry,* 130 W. Va. 418, 43 S. E. 408. I think the indefinite and weak writ of mandamus awarded in this proceeding, is based on an incorrect and

562 ·

fallacious application of principles governing the issuance of the extraordinary remedy of mandamus well established in this jurisdiction. Those principles are fully supported by reason, logic and authorities, long accepted and acted upon by this Court.

I agree that the County Court of Raleigh County should not fix the amount of $125.00 as the maximum monthly limit of the expenses of the Sheriff and his deputies. But that is only one of the elements entering into the performance of the discretionary power conferred on a county court. The duty of auditing the Sheriff's accounts is likewise an incidental step in the allowance or disallowance of the open claim of the Sheriff for expense.

For the foregoing reasons, I would deny the writ of mandamus.