DAVID PARSONS

*v.*

WILLIAM C. MARLAND, *Governor, etc., et al.*

(No. 10674)

Submitted May 11, 1954. Decided June 1, 1954.

*J. Floyd Harrison,* for relator.

*John G. Fox,* Attorney General, *Virginia Mae Brown,* Assistant Attorney General, for respondents.

RILEY, JUDGE:

David Parsons, petitioner herein, invoking the original jurisdiction of this Court, instituted this proceeding in mandamus against William C. Marland, Governor of the State of West Virginia; Denzil Lee Gainer, Budget Director of the State of West Virginia; W. W. Trent, Superintendent of Schools of the State of West Virginia; Hugh N. Mills, Insurance Commissioner of the State of West Virginia; Mae Newman, Herbert Shuback, Arthur V. G. Upton, members of the Teachers' Retirement Board of the State of West Virginia; and Dr. Richard E. Hyde, Executive Secretary of the Teachers' Retirement Board of the State of West Virginia, respondents, demanding that the Teachers' Retirement Board of the State of West Virginia and the individual members and executive secretary thereof ascertain the amount due and payable to the petitioner, and pay that amount in the manner provided by Chapter 54, Acts of the Legislature, Regular Session, 1939, amending Chapter 18 of the Code of West Virginia by adding thereto Article 7-a; Chapter 36, Acts of the Legislature, Regular Session, 1941, repealing and reenacting said Article 7-a, Chapter 18 of the Code of West Virginia, as amended; Chapter 79, Acts of the Legislature, Regular Session, 1951, amending Article 7-a, Chapter 18, Code of West Virginia, as amended, by adding thereto a new section designated as Section 2-a; and Chapter 82, Acts of the Legislature, Regular Session, 1953, amending and reenacting Sections 3, 14, 15, 16, 17, and 26, Article 7-a, Chapter 18 of the Code of West Virginia, as amended, which statutes are contained in Michie's West Virginia Code, 1949, Anno., and Michie's, 1953, Cum. Supp. to Michie's West Virginia Code of 1949, Anno., Chapter 18, Article 7-a, which will be hereinafter referred to as the "Teachers' Retirement Act". To the petition respondents filed a demurrer and answer.

On the basis of these pleadings two issues are raised: (1) Whether upon the death of a teacher retired under disability, her designated beneficiary is entitled to her disability annuities, pursuant to the Teachers' Retirement

Act; and (2) whether upon the death of a teacher retired under disability, her designated beneficiary is entitled to refund of the amount of accumulated contributions plus refund interest, up to and including the year of the teacher's death, less payments to the teacher before death, and one month's payment after death, pursuant to the Teachers' Retirement Act.

The petitioner was the husband of Della S. Parsons, a teacher employed in the public school system of Wayne County, who, on September 17, 1952, was retired because of disability, at a monthly benefit of $41.99, which became effective on August 1, 1952. Disability annuities were paid to Della S. Parsons from August 1, 1952, up to and including the month of Della S. Parsons' death, that is, November, 1952. After the death of Della S. Parsons, the petitioner, as the beneficiary under the statute, received one month's payment of $41.99.

Application having been made by the petitioner to the teachers' retirement board prior to January 14, 1954, for continuance of the monthly annuity payment of $41.99 to petitioner for life, the board refused such application on January 14, 1954.

Thereafter application was made by the petitioner for refund of the amount of the accumulated contributions, which Della S. Parsons made during her lifetime, plus refund interest to and including the date of her death, less payments to her before her death, and one payment to petitioner after her death, which application was refused by the teachers' retirement board on March 3, 1954.

The pertinent sections of Article 7-a of the Teachers' Retirement Act are:

> "(1)  A retirement system to be known as the 'State Teachers' Retirement System' is hereby established for the purpose of providing retirement allowances for the teachers of West Virginia.
>
> \*    \*    \*
>
> "(3)  \* \* \* 'Accumulated contributions' shall mean all deposits and all deductions from the

earnable compensation of a contributor minus the total of all supplemental fees deducted from his compensation.

" 'Regular interest' shall mean interest at three per cent compounded annually, or a higher earnable rate if approved by the retirement board.

" 'Refund interest' shall mean the interest on refunds of the accumulated contributions and deposits payable to former members or to the beneficiaries of deceased members, as provided in this article. The rate for refund interest shall be the average annual rate of interest, calculated to one decimal place, earned on retirement board investments in effect at the end of the fiscal year for which the interest is due, according to the sworn statement of the fund custodian required by section nineteen of this article.

" 'Employer' shall mean the agency of and within the State which has employed or employs a member.

" 'Contributor' shall mean a member of the retirement system who has an account in the teachers accumulation fund.

" 'Beneficiary' shall mean the recipient of annuity payments made under the retirement system.

" 'Refund beneficiary' shall mean the estate of a deceased contributor, or such person as he shall have nominated as beneficiary of his contributions by written designation duly executed and filed with the retirement board.

\* \* \*

" 'Annuities' shall mean the annual retirement payments for life granted beneficiaries in accordance with this article.

\* \* \*

" (13) The membership of the retirement system shall consist of the following:

" (a) All persons, except new entrants, employed as teachers at the time they become eligible for membership who, within a year after becoming eligible, notify the retirement board in writing of their decision to become members. \* \* \*

\* \* \*

" (23) Benefits upon death or upon withdrawal

from service prior to retirement under the provisions of this article shall be as follows:

"(a) Four months after a contributor was last paid for service as a teacher, he shall, on demand, be paid his accumulated contributions plus refund interest up to but not including the date of his last contribution, if he is then no longer under contract, verbal or otherwise, to serve as a teacher; or

"(b) If such contributor has completed twenty years of total service he may elect to receive at retirement age an annuity which is the actuarial equivalent of his accumulated contributions plus the employer's contributions.

"(c) Upon the death of a contributor, his accumulated contributions plus refund interest up to and including the year of his death shall be paid to his refund beneficiary.

"(24) When a contributor ceases to be a member because of absence from service as a teacher, his accumulated contributions with refund interest up to the date of quitting service shall be returned to him, or to his legal representative. Five years after cessation of membership, if the contributor or his legal representative cannot be found, his accumulated contributions with refund interest shall be forfeited to the retirement system and credited to the reserve fund.

"(25) * * *

"A member shall be eligible for annuity for disability, if he satisfies the conditions in both (a) and (b) as follows:

"(a) His service as a teacher in West Virginia must total at least ten years, and service as a teacher must have been terminated because of disability, which disability must have caused absence from service for at least six months before his application for disability annuity is approved.

"(b) An examination by a physician or physicians selected by the retirement board must show that the member is at the time mentally or physically incapacitated for service as a teacher, that

for such service the disability is total and likely to be permanent, and that he should be retired in consequence thereof.

"Continuance of the disability of the retired teacher shall be established by medical examination, as prescribed in the preceding paragraph, annually for five years after retirement, and thereafter at such times as the retirement board may require. Payment of the disability annuity provided in this article shall cease immediately, if the retirement board finds that the disability of the retired teacher no longer exists, or if the retired teacher refuses to submit to medical examination as required by this section.

" (26) Upon establishment of eligibility for a retirement allowance, a member shall be granted an annuity which shall be the sum of the following:

" (a) The actuarial equivalent of the contributions and deposits of the member in his individual account up to the time of his retirement, with regular interest.

" (b) The actuarial equivalent of the contributions of the employer up to the time of the member's retirement, which shall equal the sum in subsection (a) of this section minus deposits with regular interest on such deposits.

" (c) Where prior service credit has been granted, an allowance of one and five-tenths per cent of the member's average final salary multiplied by the number of years of prior service credited to him.

" (d) The actuarial equivalent of the amounts that would have accumulated under subsections (a) and (b) of this section, if the member had contributed to his individual account until he was fifty years old, at the annual rate of his past actual contributions, but this subsection shall apply only as additional income to members who qualify for disability retirement before they are fifty years old.

"The disability annuities of all teachers retired for disability shall be based upon a disability table

prepared by a competent actuary, approved by the retirement board.

"For the purposes of subsection (c):

"(1) An allowance for prior service shall in no case exceed three-fifths of the member's average final salary.

"(a) Average final salary shall in no instance be deemed to exceed the sum of two thousand five hundred dollars, or to be less than twelve hundred dollars.

"All annuities shall be paid in twelve monthly payments. In computing such monthly payments, fractions of a cent shall be deemed a cent. Such monthly payments shall cease with the payment for the month within which the beneficiary dies, and shall begin with the payment for the month succeeding the month within which the annuitant became eligible under this article for the annuity granted; in no case, however, shall an annuitant, qualifying for an annuity because of age or service, receive more than four monthly payments which are retroactive after the board receives application for annuity.

"In case the retirement board receives data affecting the approved annuity of a retired teacher, the annuity shall be changed in accordance with such data, the change being effective with the payment for the month within which the board received the new data.

"An annuity application shall be cancelled immediately, if the applicant dies before the retirement board approves such application.

"The provisions of this section shall apply to the computation of all monthly allowances paid to beneficiaries after the effective date hereof."

The foregoing provisions of the Teachers' Retirement Act, which for convenience we have set forth in this opinion *in extenso,* evidence a clear legislative intent to provide a comprehensive system for the retirement of teachers on a statewide basis. That such was the purpose of the Legislature in the enactment of the Teachers' Retirement Act appears clearly from Section 1 of Article 7-a

of the said Act, which provides that: "A retirement system to be known as the 'State Teachers' Retirement System' is hereby established for the purpose of providing retirement allowances for the teachers of West Virginia." That being so, it is the duty of this Court to preserve the integrity of the Act, and to apply the clear provisions thereof so as to effectuate the legislative intent. From a careful reading of the quotations from the Teachers' Retirement Act, which embrace the portions of the Act which are pertinent to the decision of this case, we are impressed that the Act was drafted with superb draftmanship by those charged therewith, and, so far as the provisions of the Act bearing directly upon the issue in controversy in this proceeding are concerned, they are clear and unambiguous. It therefore becomes the duty of this Court to refrain from applying the rules which govern the construction or interpretation of statutes, but to apply the provisions of the Act to the case at bar. In the recent case of *Appalachian Electric Power Co. v. Koontz,* 138 W. Va. 84, pt. 1 syl., 76 S. E. 2d 863, this Court held: "A statute is to be applied as written, not construed, where the intention thereof is made clear by the language used when considered in its proper context and as it relates to the subject matter dealt with." To like effect see *Cawley v. Board of Trustees of Firemen's Pension or Relief Fund of City of Beckley,* 138 W. Va. 571, 76 S. E. 2d 683; *State ex rel, Ward v. Raleigh County Court,* 138 W. Va. 551, 76 S. E. 2d 579; *Hockman v. Tucker County Court,* 138 W. Va. 132, 75 S. E. 2d 82; *Pond Creek Pocahontas Co. v. Alexander,* 137 W. Va. 864, 74 S. E. 2d 590; and *Douglass v. Koontz,* 137 W. Va. 345, 71 S. E. 2d 319.

Petitioner's wife, Della S. Parsons, having served more than ten years as a public school teacher in the State of West Virginia, whose service had been terminated because of disability, which disability had caused absence from service for at least six months before her application for disability annuity was approved, was eligible for and received monthly payments in the amount of $41.99 as disability annuity payments from August 1, 1952, up to

the month of Della S. Parsons' death, that is, November, 1952, under Section 3 of Article 7-a of the Teachers' Retirement Act. She therefore was a beneficiary under the provision of Section 3, which provides that: " 'Beneficiary' shall mean the recipient of annuity payments made under the retirement system." Being eligible for and having received annuity payments for disability immediately prior to and at the time of her death, she was not a contributor within the meaning of the provision of Section 3 of Article 7-a of the Teachers' Retirement Act, which reads: " 'Contributor' shall mean a member of the retirement system who has an account in the teachers accumulation fund." And from the time that she was eligible for and received annuity payments for disability, she was paid in accordance with the provision of Section 26 of the Act, which reads: "All annuities shall be paid in twelve monthly payments. * * * Such monthly payments shall cease with the payment for the month within which the beneficiary dies, and shall begin with the payment for the month suceeding the month within which the annuitant became eligible under this article [Article 7-a] for the annuity granted; * * *" and, therefore, the single monthly annuity payment of $41.99 to the annuitant's husband, David Parsons, instead of being an administrative interpretation of the Act, as petitioner's counsel suggests, was in accordance with Section 26 of the statute above quoted, being payment for the month in which annuitant died.

If petitioner is to recover at all in this proceeding, it is on the basis that he is a "refund beneficiary" under Section 23 of Article 7-a of the statute; but Section 23 provides:

"* * * Benefits upon death or upon *withdrawal from service prior to retirement* under the provisions of this article shall be as follows: (Italics supplied) * * *    * * *    * * *

"(c) Upon the death of a contributor, his accumulated contributions plus refund interest up to and including the year of his death shall be paid to his refund beneficiary."

Section 24 of Article 7-a, which is the only provision of the statute which deals directly with refund to a contribu-

tor because of absence from service as a teacher, provides: "When a contributor ceases to be a member because of absence from service as a teacher, his accumulated contributions with refund interest up to the date of quitting service shall be returned to him, or to his legal representative." So the statute draws a clear distinction between one who has the status of a beneficiary, that is, an annuitant, being one who receives annual retirement payments for life, that is, annuities, which are defined in Section 3 as " 'Annuities' shall mean the annual retirement payments for life granted beneficiaries in accordance with this article [Article 7-a]"; and a contributor who under Section 3 of Article 7-a is one who has an account in the teachers' accumulation fund. Therefore, petitioner's deceased wife, Della S. Parsons, though prior to the time she became eligible for payments for disability was a contributor, having been awarded annuity payments became removed from the status of contributor to that of annuitant and beneficiary, and having died after retirement, her husband, the petitioner David Parsons, under the clear provisions of Section 23 and Subsection (c) thereof is not a refund beneficiary within the meaning of the provision of Section 3 of Article 7-a of the Teachers' Retirement Act, which provides: " 'Refund beneficiary' shall mean the estate of a deceased contributor, or such person as he shall have nominated as beneficiary of his contributions by written designation duly executed and filed with the retirement board."

For the foregoing reasons the writ of mandamus prayed for is denied.

*Writ denied.*