STATE *ex rel.* WILLIAM C. PITTS, *etc.*

*v.*

HOWARD CHAMBERS, *etc., et al.*

(No. 11045)

Submitted February 17, 1959.    Decided March 10, 1959.

*E. Gaujot Bias, W. Graham Smith, Jr., Harry W. Hill,* for relator.

*Ersel L. Slater,* Prosecuting Attorney, Mingo County, *Mark Russell, Jr.,* Assistant Prosecuting Attorney, Mingo County, *Slaven & Staker, Zane Grey Staker, John M. Rush,* for respondents.

CALHOUN, JUDGE:

This is an original proceeding in mandamus by the State of West Virginia at the relation of Wlliam C. Pitts, in his own right and as Justice of the Peace of Mingo County, West Virginia, against Howard Chambers, in his own right and as Sheriff of Mingo County; Hawk Kennedy, in his own right and as a Deputy Sheriff of Mingo County and as the Jailer of Mingo County; J. R. Farley, as President, and W. A. Myers and Grant Kennedy, as Commissioners of The County Court of Mingo County, a public corporation; and The County Court of Mingo County, a public corporation.

An answer to the petition was filed on behalf of the respondents. To this answer, W. C. Pitts, in his own right, and as justice of the peace, filed a replication and a demurrer. Respondents thereupon filed a rejoinder to the replication. The replication and rejoinder add no facts which are deemed necessary to a decision of the basic question involved. Therefore, the case is considered upon the demurrer to the answer.

The primary question presented is whether Hawk Kennedy, as deputy sheriff and jailer, was justified in refusing to admit to the County Jail of Mingo County two prisoners committed to such jail by William C. Pitts, as justice of the peace.

A brief statement of the pertinent facts is essential in order to bring into focus the contentions of the relator and of the respondents, respectively.

William C. Pitts is a Justice of the Peace of Williamson District of Mingo County. The boundary lines of Williamson District are coextensive with those of the City of Williamson. John F. Bronson is Mayor of the City of Williamson, and, as such, is a duly qualified jus-

tice of the peace *ex officio,* having jurisdiction as such within the limits of the municipality.

The County Court of Mingo County, in regular meeting, entered the following order:

> "ON THIS the 17th day of December, 1958, at the regular meeting of this Court, it has been brought to the attention of this Court that there exists a practice of the City of Williamson, by its police force, when they arrest a person for a violation of the ordinances of the City of Williamson and that person does not have sufficient funds to pay his fine, to take said person before a Justice of the Peace in the City of Williamson, thereby trying him and if found guilty, having him committed to the Jail of Mingo County, West Virginia, which has resulted in Mingo County being required not only to feed and care for the prisoner during the term of his sentence, but also to pay the justice of the peace and constable for their fee and costs in such cases.
>
> "THEREFORE, IT IS ORDERED that this practice be no longer permitted and that the Jailer of this county is directed not to accept such prisoners; and that the said prisoners be sent back to the city jail.
>
> "IT IS FURTHER ORDERED that the Clerk of this Court do place in the hands of the Sheriff of this county copies of this order to be served upon the Mayor of the City of Williamson, and upon the two justices of the peace of Williamson District, and an additional copy for the Sheriff for his own information which shall be due notice to them of its contents."

On January 17, 1959, Virgil Johnson, a police officer of the City of Williamson, arrested two prisoners without a warrant, upon the streets of the municipality, on a charge of appearing in a public place in an intoxicated condition. To appear in a public place in an intoxicated condition is an offense under a municipal ordinance of The City of Williamson, as well as under a statute of the State of West Virginia. The arrest of the two prisoners was made on Saturday, and they were confined in

the city jail until the following Monday. The petition alleges that an entry made on the city police "blotter" discloses that the two prisoners meantime were "held for violation of a West Virginia statute".

On Monday, January 19, 1959, Virgil Johnson, city police officer, procured from William C. Pitts, justice of the peace, separate warrants, charging the prisoners severally with appearing in a public place in an intoxicated condition in violation of the statutory law of the State. Thereupon, on the same day, upon the several pleas of guilty entered by the two prisoners, each was sentenced to confinement in the county jail for a period of twenty days, and to an additional period of ten days for failure to pay a fine of $5.00 and costs. Thereafter, on the same day, the prisoners were taken by the city police officer to the county jail. Hawk Kennedy, jailer, refused to admit the prisoners because of the order previously entered by the county court.

The answer alleges in detail that the mayor, city police officers, Frank Corea, a constable, and William C. Pitts, justice of the peace, "* * * acting in concert and collusion, in the handling of municipal prisoners of said City, to the unlawful and unjust enrichment of said City and the petitioner, and one Frankie Corea, Constable of the Williamson Magisterial District, working with and out of the office of the petitioner, and other constables of other magisterial districts, working and collaborating with petitioner, whereby, and by means of which, said County of Mingo has been unlawfully and fraudulently, and in flagrant violation of the criminal and civil statutes and laws of the State of West Virginia, put to great, unwarranted and ill-afforded expense in the sum of many thousands of dollars, to its substantial detriment." The answer proceeds to allege that the city officials designedly and systematically process such municipal prisoners as are able to pay fines and such as are physically able to work on the streets of the city; but that the mayor, city police, and Frankie Corea, constable, designedly and collusively take before William C. Pitts, justice of the

peace, such prisoners as are unable to pay fines and such as are physically unable to work on municipal streets, in order that the financial burden of their imprisonment may be spared to the city and borne by the county. The answer alleges further that this collusive scheme results in an unfair and unlawful burden on the county to the extent of thousands of dollars annually.

The county may be unjustly imposed upon by the municipal officers and the justice of the peace, as a result of the factual situation disclosed by the pleadings. Even if such be true, this Court is authorized to appraise the actions of the municipal officers and the justice of the peace only upon the basis of the lawfulness or unlawfulness of their acts. We do not apprehend that we are authorized to consider the motives by which the municipal officers and justice of the peace are actuated, so long as it appears that their actions are sanctioned by law.

It is a violation of the statutory law of this State to "appear in a public place in an intoxicated conditon." Code, 60-6-9(1). A justice of the peace has jurisdiction of such an offense. Code, 50-18-1(h). A warrant may be issued by a justice of the peace on the information of any "credible person". Code, 50-18-4. The offender may be committed by a justice of the peace to the county jail for nonpayment of a fine, as well as upon a sentence of imprisonment. Code, 50-18-9. It is the duty of city police officers to aid in the enforcement of the criminal laws of the State within the municipality, independently of any municipal ordinance or lack thereof, and to arrest or cause the arrest of any offender "and take him before a justice of the peace of the county to be dealt with according to the law." Code, 8-4-25; *State* v. *Mullins,* 135 W. Va. 60, 62 S. E. 2d 562. It is the duty of the county jailer to accept and imprison offenders committed to him by a justice of the peace. Code, 7-8-4. The criminal jurisdiction of a justice of the peace obtains even though the offense against a state law is committed within a muncipality. *State* v. *Younger,* 130 W. Va. 236, 43 S. E. 2d 52. The duties imposed upon the jailer under Code,

7-8-4, are ministerial. *State* v. *Cyrus*, 83 W. Va. 30, 97 S. E. 412; *Smith* v. *Slack*, 125 W. Va. 812, 814, 26 S. E. 2d 387; *Ward, Sheriff* v. *County Court*, 138 W. Va. 551, 76 S. E. 2d 579. "A writ of mandamus will issue to require the discharge by a public official of a nondiscretionary duty." *State ex rel. Vance* v. *Arthur*, 142 W. Va. 737, pt. 6 syl., 98 S. E. 2d 418.

For the reasons herein stated, the writ as prayed for is awarded.

*Writ awarded.*