1901.]  Opinion of Court below—Opinion of the Court.

third, fourth, fifth and sixth specifications of error should be sustained.

The remaining specifications of error relate to the refusal of the court to give binding instructions for the plaintiff. Such instructions, it seems to us, should have been given. The provisions of clause *f*, section 67, of the bankruptcy act are clear and unequivocal; the attachments at the time of the sale were actually null and void; the property belonged to the creditors of the bankrupt, although the title was not then actually vested in the trustee, the sale was therefore illegal. The purchaser admits such knowledge as put him upon inquiry. In other words, "he had reasonable cause for inquiry." He was, therefore, not protected by the proviso to this clause. We see no objection to the form of the action; trespass was undoubtedly the proper remedy. Judgment reversed and a new venire awarded.

*Error assigned* was the judgment of the Superior Court.

*Homer J. Humes*, with him *E. Lowry Humes*, for appellants.

*George W. Haskins* and *John O. McClintock*, for appellee, were not heard.

PER CURIAM, July 17, 1901:

We affirm the judgment in this case on the concise and satisfactory opinion of Judge BEAVER.

---

# Hirt, Appellant, *v.* City of Erie.

*Municipalities—Increase of debt—Constitutional limit—Refunding bonds.*
Bonds issued for the purpose of refunding an indebtedness incurred prior to January 1, 1874, are not to be considered a new debt, in ascertaining the constitutional limit of two per cent of the assessed valuation of property, beyond which the debt cannot be increased except by a vote of the people.

Argued April 29, 1901. Appeal, No. 141, Jan. T., 1901, by

plaintiff, from decree of C. P. Erie Co., No. 6, in equity, in case of F. W. Hirt v. City of Erie. Before McCOLLUM, C. J., MITCHELL, FELL, BROWN and POTTER, JJ. Affirmed.

Bill in equity for an injunction to restrain the issue of a municipal bond.

WALLING, P. J., filed the following opinion:

This is a taxpayer's bill, filed to restrain the city of Erie and its officers from creating a municipal indebtedness in alleged violation of section 8, article 9 of the constitution of this commonwealth. The case was heard upon bill, answer, replication and testimony. The facts are found as follows:

1. That the plaintiff is a resident taxpayer of the city of Erie.

2. That the city of Erie is a city of the third class, duly incorporated under the laws of this commonwealth.

3. That at the time of the adoption of the new constitution of this commonwealth in 1874, the assessed valuation of the taxable property of the city of Erie amounted to $16,789,333. That at that time the city of Erie was indebted to the amount of $1,117,091, which was less than seven per cent of the assessed valuation of the taxable property within said city.

4. That the assessed valuation of taxable property made for the purpose of taxation for the year 1901 is $19,935,340; that the net indebtedness of the city of Erie on February 1, 1901, was $572,124.21, which is less than three per cent of the assessed valuation of taxable property within said city.

5. That the entire new indebtedness created by the city of Erie since the adoption of the said new constitution amounts all told to the sum of $152,100. That since the beginning of the year 1874, the city of Erie has issued new bonds at divers times, amounting in all to $1,344,200; but that all of said bonds, except to the said amount of $152,100, were issued as refunding bonds, or to pay off prior and outstanding indebtedness of said city, and except as to said named amount created no new indebtedness against the city of Erie.

6. That the councils of the city of Erie by ordinance approved December 19, 1900, provided for the issuing of bonds by the city of Erie to the amount of $70,000, for the purpose of

raising money to pay the cost of repaving State and Peach streets, and certain other streets in the city of Erie ; and that pursuant to said ordinance the mayor of said city filed a statement in the court of quarter sessions of Erie county, showing the financial condition of the city of Erie, the assessed valuation of its taxable property, etc., as required by law.

7. That two per cent of the assessed valuation of taxable property within the city of Erie, at the present time amounts to $398.706.80.

### LEGAL CONCLUSIONS.

1. That the ordinance in question is valid, and that the councils of the city of Erie have the right, for a legitimate municipal purpose, to increase the indebtedness of said city without a vote of the people, to an amount not exceeding two per cent of the assessed valuation of taxable property within said city, after deducting from such amount the indebtedness which has been incurred by said city since the adoption of the new constitution.

2. That the repaving of streets within said city is a lawful municipal purpose for which the city of Erie has the right to create a new indebtedness within the constitutional limits, as above stated.

3. That the proposed increase of indebtedness is lawful, and that plaintiff's bill should be dismissed at his costs.

*Error assigned* was decree dismissing the bill.

*Charles P. Hewes,* for appellant, cited : Houston v. City of Lancaster, 191 Pa. 143 ; Appeal of City of Erie, 91 Pa. 398.

*William G. Crosby,* city solicitor, for appellee, cited: Linn v. Chambersburg Borough, 160 Pa. 511 ; Pike Co. v. Rowland, 94 Pa. 238 ; Wheeler v. Philadelphia, 77 Pa. 338 ; Appeal of the City of Wilkes-Barre, 109 Pa. 554 ; Borough of Millerstown v. Frederick, 114 Pa. 435 ; Bruce v. Pittsburg, 161 Pa. 517 ; Spangler v. Gallagher, 182 Pa. 277 ; Houston v. Lancaster, 191 Pa. 143 ; Pepper v. Philadelphia, 181 Pa. 566.

PER CURIAM, July 17, 1901 :

The assignments of error are based on the plaintiff's excep-

tions to the findings of fact and conclusions of law filed by the court. The findings and conclusions which are attacked and constitute the alleged errors of the court, appear in the first, second and third assignments and in the decree of the court dismissing the plaintiff's bill and charging him with the costs. A careful examination of the assignments and the exceptions on which they are based has failed to satisfy this court of error in the findings and conclusions of the court below. We therefore affirm the decree of the court below dismissing the exceptions to the findings of fact and conclusions of law with the dismissal of the plaintiff's bill and direction that the costs be paid by plaintiff.