J. A. BOLICH, JR. v. CITY OF WINSTON-SALEM ET AL.

(Filed 15 June, 1932.)

1. **Taxation A a—Issuance of refunding bonds under provisions of Municipal Finance Act, as amended, need not be submitted to voters.**

It is not necessary that an ordinance authorizing the issuance of refunding bonds should be submitted to the voters of the municipality issuing them when the bonds to be refunded are valid and enforceable obligations of the city which mature within one year from the date of the ordinance authorizing the refunding bonds, and the bonds to be refunded were issued prior to 1 July, 1931, N. C. Code of 1931, secs. 2937(2), 2938(2), and the city does not contract a debt within the meaning of Art. VII, sec. 7, by issuing such refunding bonds, and it is not necessary that the bonds to be refunded should have been issued solely for necessary expenses, it being sufficient if the bonds to be refunded are valid and enforceable obligations of the city.

2. **Taxation A f—Governing body may fix interest rate on valid refunding bonds in its discretion within the statutory limitation.**

It is not necessary that refunding bonds issued in accordance with the Municipal Finance Act, as amended, should not bear a greater rate of interest than the bonds to be refunded so long as the refunding bonds do not bear a greater rate of interest than the statutory limitation of six per cent, N. C. Code of 1931, sec. 2951, the rate of interest within the statutory limitation being within the discretion of the governing body of the city issuing them.

3. **Same—Governing body may fix period of maturity of valid refunding bonds.**

It is not required that the period for maturity of refunding bonds issued in accordance with the Municipal Finance Act, as amended, should not exceed the maximum statutory period for maturity of the bonds to be refunded, N. C. Code of 1931, sec. 2942(1b) the period for maturity of the refunding bonds being in the discretion of the governing body of the city issuing them.

4. **Taxation A a—Where proposed refunding bonds will be valid, bond anticipation notes will be valid also.**

Where refunding bonds proposed to be issued by a city are valid, bond anticipation notes proposed to be issued by it will also be valid, but the proceeds of the bonds and bond anticipation notes must be used exclusively to the payment of the bonds to be refunded thereby.

APPEAL by plaintiff from *Clement, J.,* at Chambers on 3 May, 1932. Affirmed.

This is an action by plaintiff, a resident and taxpayer of the city of Winston-Salem, N. C., for judgment that the defendants be restrained and enjoined from issuing and selling bonds of the city of Winston-Salem, in the aggregate amount of $900,000, and notes of said city in the

aggregate amount of $47,000, upon the allegation in the complaint that the issuance and sale of said bonds and notes will be unlawful.

The issuance and sale of the bonds which the defendants propose to issue and sell, were duly authorized by a bond ordinance passed by the board of aldermen of the city of Winston-Salem, a municipal corporation organized under the laws of this State, on 8 April, 1932, in accordance with the provisions of the Municipal Finance Act of this State. The bonds are to be issued and sold for the purpose of refunding bonds of the said city which were issued prior to 1 July, 1931, and which will mature, according to their tenor, within one year from 8 April, 1932. Among the bonds 'which are to be refunded are certain bonds of the city of Winston-Salem which were issued to raise money for expenses other than necessary expenses of the said city. These bonds, however, were authorized by statute, and were duly approved by a majority of the qualified voters of the city of Winston-Salem. They are valid obligations of said city. Const. of N. C., Art. VII, sec. 7. The bonds bear interest at rates less than six per cent, although by virtue of the statutes under which they were issued and sold, a rate of interest not in excess of six per cent was authorized. The refunding bonds which the defendants propose to issue and sell may bear interest at a rate not in excess of six per cent, as may be determined by the board of aldermen of the city of Winston-Salem, by resolution duly adopted by said board. The refunding bonds will mature not later than fifty years after 1 July, 1932. The maximum periods for the maturity of the bonds to be refunded, as fixed by statute, will expire before the maturity of the refunding bonds, as authorized by the bond ordinance passed by the board of aldermen of the city of Winston-Salem.

The issuance and sale of the notes which the defendants propose to issue and sell, were authorized by a resolution duly adopted by the board of aldermen of the city of Winston-Salem, on 8 April, 1932, in accordance with the provisions of the Municipal Finance Act of this State. The notes are to be issued and sold for money borrowed to pay bonds of the city of Winston-Salem which are included among the bonds to be refunded. These bonds amount to $47,000, and will mature on 1 May, 1932. The notes will be dated 27 April, 1932, and will be payable, with interest at six per cent, on 27 October, 1932. They are to be issued and sold in anticipation of the receipt by the city of Winston-Salem of the proceeds of the sale of the refunding bonds authorized by the bond ordinance passed by the board of aldermen of said city on 8 April, 1932.

Neither the refunding bonds, nor the bond anticipation notes, which the defendants propose to issue and sell, have been approved by a

majority of the qualified voters of the city of Winston-Salem. Neither the ordinance, authorizing the bonds, nor the resolution authorizing the notes, has been submitted to the voters of the said city.

On the foregoing facts alleged in his complaint, and admitted in the answer of the defendants, the plaintiff moved for judgment that the defendants be restrained and enjoined from issuing and selling both the said bonds and the said notes. The motion was denied.

From judgment denying his motion, and dismissing the action, the plaintiff appealed to the Supreme Court.

*Nat S. Crews for plaintiff.*
*Parrish & Deal for defendants.*

CONNOR, J. The Municipal Finance Act, 1921, as amended, expressly authorizes a municipal corporation organized under the laws of this State to issue its negotiable bonds for the purpose of refunding bonds of the corporation issued for debts contracted prior to 1 July, 1931, and maturing within one year from the date of the passage by its governing body of the bond ordinance authorizing the issuance of the refunding bonds, where the bonds to be refunded are valid and enforceable obligations of the corporation. N. C. Code of 1931, section 2937, subsection 2. It is expressly provided by the statute that the ordinance authorizing the issuance of refunding bonds need not be submitted to the voters of the municipality. N. C. Code of 1931, section 2938, subsection 2. This provision is not confined to bonds issued for debts contracted for necessary expenses; it is applicable to all bonds, including those which were issued for expenses other than necessary expenses of the municipality. A municipal corporation does not contract a debt, within the meaning of section 7 of Article VII of the Constitution of this State, when under statutory authority it issues bonds to refund bonds which at the date of the issuance of the refunding bonds are valid and enforceable obligations of the corporation. 44 C. J., 1132.

The bonds in the instant case will not be invalid because their issuance was without the approval of a majority of the qualified voters of the city of Winston-Salem. Nor will their validity be affected by the fact that when issued they may bear a rate of interest in excess of the rates which the bonds to be refunded bear, provided such rate does not exceed six per cent. N. C. Code of 1931, section 2951. The maximum rate of interest fixed by statute for the bonds to be refunded was six per cent. The fact that the bonds when issued, bore rates of interest less than six per cent, does not determine the rate at which the refunding bonds may be issued. The rate of interest which bonds issued by a

municipal corporation shall bear is fixed by the governing body of the corporation, in its discretion, within the statutory limitation. It is expressly provided by the statute that the period within which refunding bonds shall mature shall be determined by the governing body of the corporation. N. C. Code of 1931, section 2942, subsection 1(b). The maximum periods fixed by statute for the maturity of the bonds to be refunded is not determinative of the period for the maturity of refunding bonds. In the instant case the maximum period for the maturity of the refunding bonds which the defendants propose to issue and sell is fixed in the bond ordinance at 50 years after 1 July, 1932. If the bonds shall be so issued, this fact will not affect their validity.

As the refunding bonds which the defendants propose to issue and sell will be valid, it follows that the bond anticipation notes which they also propose to issue and sell, will be valid. N. C. Code of 1931, section 2934.

Of course, the proceeds of the sale of the refunding bonds and of the loan anticipation notes can be applied only to the payment of the bonds which are to be refunded. When this shall have been done, the indebtedness of the city of Winston-Salem, incurred by statutory authority and with the approval of a majority of the qualified voters of the city, will not have been increased. The taxpayers of the city will be relieved of the burden of taxation for the payment of the bonds which will mature within one year from 8 April, 1932, which, but for the issuance and sale of the refunding bonds, would necessarily be imposed upon them.

There is no error in the judgment denying plaintiff's motion for judgment on the pleadings, and dismissing the action. The judgment is
    Affirmed.