Commonwealth ex rel. *v.* Cannon, Appellant.

Argued June 30, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*George W. Griffith,* for appellant.

*W. Stephens Mayer* and *Philip N. Shettig,* for appellees.

PER CURIAM, June 30, 1932:

This is a proceeding to test the validity of a proposed bond issue authorized by the county commissioners of Cambria County. The bonds in question constitute a refunding issue in the amount of $270,000 and are designed to meet the maturing indebtedness of the county for the year 1932, on bonds previously issued. Of this sum, $130,000 comprises bonds issued and sold pursuant to a vote of the electors and $140,000 bonds issued and sold under the provision of the Constitution authorizing counties to issue bonds up to two per cent of the assessed valuation of the taxable property therein without the consent of the electors. The county commissioners petitioned for a writ of mandamus to compel the county controller to furnish a financial statement showing the items of information required to be certified to the department of internal affairs as provided by the Act of March 31, 1927, P. L. 91, and also to direct him to advertise for sale the bonds proposed to be issued. The county controller filed a return in which he took the position that those bonds of the present issue which are intended to refund bonds previously issued under the authority of a vote of the electors of the county likewise must have the vote or assent of the electors and for that reason the entire proposed issue is illegal. The county commissioners' demurrer to this return was sustained by the lower court and a peremptory writ of mandamus issued.

We are of opinion the learned judge of the court below correctly held that, "refunding bonds issued for the purpose of retiring by payment bonds issued with the assent of the electors, may be so issued by the county commissioners without recourse to submission of the matter of such refunding issue to the electors for their assent. Such refunding bonds retain their character as representing electoral indebtedness."

This proposed issue of bonds has been authorized pursuant to the provisions of the act of assembly approved

the fourteenth day of April, 1881, P. L. 10, section 1, as amended by the Act approved the first day of March, 1899, P. L. 6. It is not within the provisions of article 9, section 8, of the Constitution, which forbids a county from incurring "any new debt" or increasing its indebtedness "to an amount exceeding two (2) per centum upon such assessed valuation of property, without the consent of the electors thereof:" Hirt v. City of Erie, 200 Pa. 223; Schuldice v. Pittsburgh, 234 Pa. 90. See also Schuldice v. Pittsburgh, 251 Pa. 28, 31, where we said, "The funding or refunding of a debt previously created and existing, is not an increase of that indebtedness, but is merely a continuation thereof."

The decree of the court below is affirmed at appellant's costs.