THEO KEENEY *v*. THE COUNTY COURT OF KANAWHA
COUNTY

(CC 510)

Submitted June 5, 1934.   Decided June 12, 1934.

*Brown, Jackson & Knight,* for plaintiff.
*Dale G. Casto,* for defendant.

KENNA, JUDGE:

Theo Keeney filed his bill of complaint in the circuit
court of Kanawha County seeking to enjoin the county
court of Kanawha County from issuing a series of re-
funding bonds in the aggregate amount of $516,000.00
to take the place of the same total outstanding road
bonds of Cabin Creek District.   The bill of complaint
alleges that the original issue of $550,000.00 was regu-
larly approved at an election on August 15, 1929; that
pursuant to that approval, on September 1, 1929, the
bonds were issued and on September 21, 1929, were sold
to the Sinking Fund Commission at par and accrued in-
terest; that on April 10, 1934, the indebtedness repre-
sented by the bonds had been reduced to $516,000.00,
and on that day, the county court of Kanawha County

entered· its order providing for the refunding operation. The order of the county court is set out in the bill of complaint and from it, it appears that the purpose of the refunding operation is to reduce the interest rate, which was five and one-half per cent on the old bonds, to five and one-quarter per cent, which is the rate provided for the new. The bill alleges that it is the purpose of the county court to meet the sinking fund and interest charges of the new bonds by an unlimited ad valorem tax ·upon the properties in Cabin Creek District and that if this be done, or permitted, the result will be that. the property of the taxpayers of that district will be subjected to unlawful, unconstitutional, unjust and inequitable amounts of taxes. The bill, therefore, prays to enjoin the issuance of the refunding bonds.

The defendant county court appeared and interposed a demurrer in writing to the bill of complaint, assigning (1) that neither the proposed issuance of bonds nor the laying of unlimited levies to pay the sinking fund and interest charges thereof is repugnant to the constitution of West Virginia, and (2) that the proposed refunding bonds do not create a new debt nor change. the status in respect to taxation of the indebtedness of Cabin Creek District.

The circuit court sustained the demurrer to the bill of complaint, and certified to this court the single question of whether or not the refunding operation creates a new debt of the magisterial district, so that the levies for sinking fund and interest charges would have to be brought within the limited levies prescribed by law, or whether the refunding operation simply changes the form of the old debt, and, for the purposes of debt service, leaves it in its *status quo ante* the refunding operation, so that its debt service requirements can be levied in excess of the limitations, in the event such levies prove to be necessary in order to prevent the impairment of the contractual obligation pre-existing the adoption of the tax limitation amendment.

We confine our discussion strictly to the question certified.

Article 2 of chapter 13 of the Code, 1931, is the statute which authorizes the issuance of refunding bonds of counties, and other taxing units of the state. There is no allegation that any of the provisions of this statute are being violated, or are threatened to be violated, by the issuance of the proposed refunding bonds in this case. For the purpose before us, therefore, it is assumed that this statute is being fully complied with, and that upon the issuance of the refunding bonds, adequate provision will be made in accordance with the statute to insure the delivery for cancellation of a like amount of the old bonds to be refunded.

As to the main proposition, there is what appears to be overwhelming authority to the effect that the issuance of refunding bonds is not the creation of a new debt, but is simply a change in the form of the old and in the evidence representing it. *Independent School District of Sioux City* v. *Rew,* 111 Fed. 1; *Board of Commissioners of Lake County* v. *Keene Five-Cent Savings Bank,* 108 Fed. 505; *Hamilton Co.* v. *Montpelier Savings Bank & Trust Co.,* 157 Fed. 19; *City of Huron* v. *Second Ward Savings Bank,* 30 C. C. A. 38, 86 F. 272; *Board of Commissioners of Seward County* v. *Aetna Life Insurance Company,* 32 C. C. A. 585, 90 F. 222; *Bolich* v. *City of Winston-Salem,* 202 N. C. 786, 164 S. E. 361; *Keller* v. *Cannon,* 308 Pa. 321, 162 A. 277; *Hirt* v. *City of Erie,* 200 Pa. St. 223, 49 A. 796. Many other cases might be cited.

This court has already held in a number of cases under the tax limitation amendment, that neither that amendment nor the enabling act of the legislature under its provisions, can be so applied as to impair the obligation of a contract by limiting the levies to be laid to meet debt service requirements upon obligations existing at the time the tax amendment was adopted, and that levies for debt service consequently can be laid in excess of the limitations prescribed by law, where it is necessary to do so in order to prevent the impairment of the obligation of a pre-existing contract. *Ohio Corrugated Culvert Co.* v. *Logan County Court,* 114 W. Va. 138, 171 S. E. 110; *Wilson* v. *County Court of Clay County,* 114 W. Va. 603, 175 S. E. 224.

We are therefore of the opinion that the refunding operation proposed by the county court of Kanawha County is not the creation of a new debt in any sense, and that, consequently, levies may be laid to meet the debt service requirements of the new bonds issued, to the same extent and with like effect as they might be for the old, exceeding the limitations prescribed by law if and when it becomes necessary to do so in order to prevent the impairment of the obligation of a contract.

The decree of the circuit court of Kanawha County sustaining the demurrer to the bill of complaint will therefore be affirmed.

*Affirmed.*