CYNTHIA JEANNE RAMSEY, BY AND THROUGH HER NEXT FRIEND, EARLE GENE RAMSEY, PETITIONER v. NORTH CAROLINA VETERANS COMMISSION, RESPONDENT.

(Filed 15 April, 1964.)

**1. Constitutional Law § 20—**

The constitutional proscription against discrimination does not preclude the General assembly from selecting and classifying objects of legislation and thus create inequality provided the classifications are reasonable and just and apply uniformly to all persons of the affected class.

**2. Constitutional Law § 10—**

The presumption is in favor of the constitutionality of a statute, and a statute will not be declared void if it can be upheld on any reasonable ground.

**3. Constitutional Law § 20—**

The provisions of G.S. 116-149(b) defining those eligible for scholarships as children of veterans resident of North Carolina at the time of induction or a veteran's child who was born in North Carolina and has lived here continuously since birth, *is held* not unconstitutional as discriminating against children of disabled veterans who have moved their residence to this State after birth of the children.

**4. Constitutional Law § 4—**

A person seeking the benefit of a statute may not attack its constitutionality.

**5. Constitutional Law § 10—**

Only the General Assembly may amend or rewrite a statute, and therefore if that part of a statute excluding plaintiff from benefits is declared unconstitutional the courts may not rewrite the statute so as to specify qualifications which plaintiff may meet.

APPEAL by petitioner from *Hobgood, J.,* February 25, 1964 Session of WAKE.

On July 18, 1963 petitioner filed with the North Carolina Veterans Commission an application for a scholarship under Article 15, Chapter 116 of the General Statutes of North Carolina. At the same time she applied for admission to the University of North Carolina School of Nursing. Petitioner was born in Portland, Maine, on September 15, 1946. She has lived in North Carolina continuously since June 1, 1951 when she and her parents came to this State for the first time. Her father, Earle Gene Ramsey, is a one-hundred percent disabled World War II veteran receiving compensation from the Veterans Administration for service-connected injuries. Mr. Ramsey was a legal resident of the State of Indiana at the time he entered the armed forces on January 17, 1941.

The Commission denied petitioner's application on October 19, 1963 because she was not an "eligible child" as defined by G.S. 116-149(b). By her next friend, she then petitioned the Superior Court of Wake County to review this administrative decision and to order the Commission to grant her a scholarship pursuant to the statute. Upon review, the Superior Court affirmed the decision of the Commission and petitioner appealed.

*Hamlin & Ramsey; Potts & Hudson for petitioner appellant.*

*Attorney General Bruton, Deputy Attorney General Ralph Moody for respondent, North Carolina Veterans Commission.*

PER CURIAM. Article 15 of Chapter 116 of the General Statutes authorizes a scholarship at any State educational institution for an

"eligible child" of a World War veteran as defined by G.S. 116-149 and classified by G.S. 116-151. It is conceded that petitioner's father is a veteran as defined by G.S. 116-149(a). It is also conceded that petitioner does not meet the requirements of G.S. 116-149(b) which defines an "eligible child" as:

"(1)   A child of a veteran who was a legal resident of North Carolina at the time of said veteran's entrance into the armed forces, or

"(2)   A veteran's child who was born in North Carolina and has lived in North Carolina continuously since birth."

The statute authorizes the Commission to waive requirement No. 2 under certain circumstances which have no application to this case.

It is petitioner's contention that in thus limiting eligibility for scholarships, G.S. 116-149(b) unlawfully discriminates against her and other children of veterans who have acquired residence in North Carolina since their discharge from service. She alleges in her petition that the legislature has created an arbitrary and unreasonable classification which violates article I, § 17 of the North Carolina Constitution as well as the due process and equal protection clauses of the 14th Amendment of the United States Constitution.

It is a well understood rule of constitutional law that the General Assembly may distinguish, select and classify objects of legislation provided such classifications are reasonable and just and apply uniformly to all members of the affected class. Inequality does not render a statute unconstitutional if the selections are not arbitrary and capricious. The presumption is that any act passed by the legislature is constitutional, and the court will not strike it down if such legislation can be upheld on any reasonable ground. *State v. Warren,* 252 N.C. 690, 114 S.E. 2d 660; *Lutz Industries, Inc. v. Dixie Home Stores,* 242 N.C. 332, 88 S.E. 2d 333; *Leonard v. Maxwell,* 216 N.C. 89, 3 S.E. 2d 316; 1 Strong, N. C. Index, *Constitutional Law* §§ 10, 20.

By the challenged statute, North Carolina has attempted to provide for the education of children *of her quota* of one-hundred percent disabled veterans, that is, those veterans who were residents of this State at the time they were inducted or whose children were born and remained in the State. *Prima facie,* this is a reasonable distinction. *Gianatasio v. Kaplan,* 255 N.Y.S. 102. One who assails the classification in a statute has the burden of showing that it is essentially arbitrary and without any reasonable basis. *Lindsley v. Natural Carbonic Gas Co.,* 220 U.S. 61. Neither North Carolina nor any other single State would

be expected to underwrite the education of children of all disabled veterans who might acquire residence in the state after discharge from service. Such an unrestricted program would no doubt bring many veterans to the State for the sole purpose of taking advantage of it. The extent of the obligation which this State will assume for the education of veterans' children is a matter exclusively for the legislature. Article 15, *supra,* discloses that it was not the purpose of the General Assembly to impose the burden of another state's quota upon the taxpayers of North Carolina.

However, in no event is petitioner entitled to obtain from the court the scholarship she seeks. First, she may not question the constitutionality of the Act upon which she bases her claim. *Convent v. Winston-Salem,* 243 N.C. 316, 90 S.E. 2d 879; 11 Am. Jur., *Constitutional Law* § 123. Secondly, even should the legislative designation of beneficiaries of scholarships contained in G.S. 116-149(b) be held unconstitutional, the court would remain without authority to specify a residence requirement and legislate petitioner into the classification of an "eligible child." Only the General Assembly may amend or rewrite a statute. N. C. Const. art. II, § 1.

The judgment of the Superior Court is

Affirmed.