CITY OF DURHAM v. THURSTON BATES AND WIFE, DORA BATES.

(Filed 20 March 1968.)

1. **Constitutional Law § 4—**
    Ordinarily, the acceptance of benefits under a statute or an ordinance estops a party from attacking the constitutionality of the statute or ordinance.

2. **Same;   Eminent Domain § 7—**
    Where landowners accept a sum of money deposited by a municipality with the clerk as estimated compensation due the landowners for the taking of their property pursuant to G.S. Chapter 136, Art. 9, the landowners are thereafter estopped from attacking the constitutionality of the statutes, the jurisdiction of the court to put the municipality in possession, or the failure of the city to comply strictly with the provisions of the statutes.

HUSKINS, J., took no part in the consideration or decision of this case.

APPEAL by defendants from *Bone, E.J.*, May 1967 Civil Session of DURHAM. This case was docketed and argued as No. 773 at Fall Term 1967.

The City of Durham instituted this proceeding to condemn and appropriate to the public use a tract of land owned in fee simple by defendants and known as 611 S. Roxboro Street in the City of Durham. Plaintiff filed complaint and declaration of taking and notice of deposit on 5 April 1967, and deposited the sum of $8,650.00 in the Superior Court of Durham County as estimated compensation for the use of the persons entitled thereto. At the same time, plaintiff filed for registration a memorandum of action with the Register of Deeds of Durham County as required by section 104 of Article 9 of Chapter 136 of N. C. General Statutes. By order dated 24 April 1967, Judge Leo Carr allowed plaintiff's motion to amend its complaint and declaration of taking so as to allow plaintiff to elect to adopt the procedures provided in Article 9 of Chapter 136 of the General Statutes, as authorized by G.S. 136-66.3. The record does not show that plaintiff filed a supplemental memorandum of action. On 5 April 1967 defendants were served with summons in this action, together with copies of the complaint, declaration of taking, which included the notification of the deposit of the estimated compensation.

Plaintiff offered in evidence affidavits which tended to show that defendants were given notice, by letter and personal contact from representatives of the City of Durham, that the City must acquire the property occupied by them because the same was a necessary part of an expressway project. These notices commenced on 3 November 1966. Defendants were told they would have to vacate by February 1967 and that assistance in relocation would be available to them. In January 1967, a negotiator was hired by the property manager of the Public Works Department of the City of Durham to negotiate the purchase of defendants' property. An official offer to purchase the property was sent to defendants by certified mail on 7 February 1967. Defendants were notified that if they did not accept the City's offer to purchase the property, the property would be condemned by the City for the expressway project.

On 19 April 1967, plaintiff filed motion asking that the court enter an order requiring defendants to appear and show cause why they should not be removed from possession of the premises. Order was entered requiring defendants to appear on 20 April 1967 to show cause why they should not be removed from the premises. On 25 April 1967, defendants petitioned the court to declare Chapter 136, Article 9, section 104 of the General Statutes of North Caro-

lina unconstitutional, and further prayed that the court not hear plaintiff's pending motion to show cause. By order dated 1 May 1967 Judge Walter Bone adjudged section 104, Article 9, Chapter 136 of the General Statutes to be constitutional, and further ordered that defendants vacate the premises at 611 S. Roxboro Street in the City of Durham on or before 31 May 1967.

From this order defendants appealed.

*Claude V. Jones and S. F. Gantt for plaintiff appellee.*

*Nathaniel L. Belcher, George L. Bumpass, E. R. Avant and Franklin M. Moore for defendant appellants.*

*Attorney General Bruton, Deputy Attorney General Lewis, and Assistant Attorney General McDaniel for Amicus Curiæ on Behalf of The State Highway Commission.*

BRANCH, J.  Defendants attack the constitutionality of Chapter 136, Article 9, and contend that the trial court was without jurisdiction to enter the order putting plaintiff in possession of the property. They also contend that there was error in that plaintiff failed to comply with the requirements of a portion of Chapter 136, Article 9, to wit, G.S. 136-104.

Defendants petitioned to withdraw the sum of $8,500.00 from the sum of $8,650.00 which plaintiff deposited with the clerk of superior court of Durham County as estimated compensation due defendants for the taking of their property. By order dated 26 May 1967 Judge Leo Carr ordered "that the Clerk of Superior Court, Durham County pay to the defendants, Thurston Bates and wife, Dora Bates the sum of EIGHT THOUSAND FIVE HUNDRED ($8,500.00) DOLLARS of the sum on deposit with said Clerk, as a credit against just compensation without prejudice to further proceedings in the cause to determine just compensation as permitted under G.S. Chapter 136, Article 9, Section 105."

In the case of *Convent v. Winston-Salem*, 243 N.C. 316, 90 S.E. 2d 879, Winborne, J. (later C.J.), speaking for the Court, stated:

"The acceptance of benefits under a statute generally precludes an attack upon it. See 11 Am. Jur., pp. 765 to 767; *Cameron v. McDonald*, 216 N.C. 712, 6 S.E. 2d 497; *Wall v. Parrott*, 244 U.S. 407, 61 L. Ed. 1229, 37 S. Ct. 609.

"In the *Wall* case the U. S. Supreme Court had this to say: 'They cannot claim the benefit of statutes and afterwards assail their validity. There is no sanctity in such a claim of constitutional right as prevents it being waived as any other claim of right may be.'

"And in 11 Am. Jur., p. 766, the text writer states: 'Estoppel to question the constitutionality of laws applies not only to acts of the Legislature, but to ordinances and proceedings of municipal corporations, and may be extended to cases where proceedings of a municipal corporation are questioned on the ground of the unconstitutionality of the statute under which they are had, as well as to cases where they are attacked on other grounds.'

"The writer continues: 'Estoppel is most frequently applied in cases involving constitutional law where persons, in some manner, partake of advantages under statutes. The rule is well settled that one who voluntarily proceeds under a statute and claims benefits thereby conferred will not be heard to question its constitutionality in order to avoid its burdens. Certainly such a person will not be allowed to retain his advantage or keep his consideration and then repudiate the act as unconstitutional. This principle applies also to questioning the rules or actions of state commissions.'

"Moreover, in *Cameron v. McDonald, supra,* this Court said: 'It is the general rule, subject to certain exceptions, that a defendant may waive a constitutional as well as a statutory provision made for his benefit . . . and this may be done by express consent, by failure to assert it in apt time, or by conduct inconsistent with a purpose to insist upon it,' citing *S. v. Hartsfield,* 188 N.C. 357, 124 S.E. 629."

The constitutionality of G.S. 116-149(b) was attacked by a petitioner who was seeking scholarship benefits provided by said statute in the case of *Ramsey v. Veterans Commission,* 261 N.C. 645, 135 S.E. 2d 659. The superior court denied relief to the petitioner, and in affirming the action of the superior court, this Court stated: ". . . she may not question the constitutionality of the Act upon which she bases her claim."

6 Nichols on Eminent Domain, Third Edition, § 28.321(2), p. 682, states:

"It is undoubtedly the law that an owner of land taken by virtue of eminent domain proceedings who has accepted and been paid the award of damages cannot afterwards contest the validity of the taking, either directly or collaterally, or seek to recover or retain possession of his land, no matter how fundamental the defect in the proceeding may be."

Upon accepting the benefits under the statute, defendants are

precluded from attacking the statute, the jurisdiction of the court to enter the order putting plaintiff in possession of the property, or the failure of the plaintiff to strictly comply with the provisions of the statute which defendants attack.

Defendants may proceed in the cause to determine just compensation under G.S. Chapter 136, Article 9.

This cause is remanded to the superior court of Durham County for a determination of just compensation under provisions of G.S. Chapter 136, Article 9.

Remanded.

HUSKINS, J., took no part in the consideration or decision of this case.