STATE OF NORTH CAROLINA v. VON ETTA TERRY AND LATHEN EARL WARREN

No. 7612SC197

(Filed 4 August 1976)

Constitutional Law § 20; Intoxicating Liquor § 8— transportation of alcoholic beverage — distinction between for-hire vehicle and other vehicles — statute constitutional

Since there exists a "reasonable basis" for distinguishing transportation of alcoholic beverages in a for-hire passenger vehicle from other modes of transportation, G.S. 18A-26(a) providing for classification of the modes of transportation does not offend the equal protection clause of either the Federal or State Constitutions.

APPEAL by the State from *Herring, Judge.* Judgment entered 12 February 1976 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 9 June 1976.

The defendants, Von Etta Terry and Lathen Earl Warren, were charged in a magistrate's order, proper in form, issued pursuant to G.S. 15A-511, with "transport[ing] more than the

legal limit of alcoholic beverages in a vehicle, without first obtaining a valid transportation permit from the Cumberland County ABC Board," a violation of G.S. 18A-26(a). From an order entered in the District Court declaring G.S. 18A-26(a) to be unconstitutional, the State appealed. In the Superior Court, defendants moved to dismiss the charge, pursuant to G.S. 15A-954, on the grounds that the statute alleged to have been violated was unconstitutional on its face. After a hearing Judge Herring made findings and conclusions and entered an order allowing defendants' motion. The State appealed to this court.

*Attorney General Edmisten by Associate Attorneys James Wallace, Jr., and Jack Cozort for the State.*

*Lacy S. Hair for defendant appellees.*

HEDRICK, Judge.

The facts surrounding defendants' arrest are not in dispute. On 18 October 1975 the defendants, Terry and Warren, each purchased one gallon of taxpaid whiskey at a Cumberland County ABC store. Each defendant was the owner of the one gallon which he purchased. As they were transporting the whiskey home in an automobile owned by Terry and driven by Warren, they were stopped and arrested for violating G.S. 18A-26(a), which in pertinent part provides:

> "*Transportation of alcoholic beverages.*—(a) A person may transport, not for sale or barter, not more than one gallon of alcoholic beverages, except as authorized by permit, to and from any place in the State; . . .
>
> It shall be unlawful for any person operating a for-hire passenger vehicle as defined in G.S. 20-38(20) (b) to transport alcoholic beverages except when the vehicle is actually transporting a bona fide paying passenger who is the actual owner of the alcoholic beverages being transported. Alcoholic beverages owned and possessed by each passenger shall be transported in the manner and amount authorized by this section, . . ."

Judge Herring concluded in his order:

> "1. That there is no reasonable relation to the public peace and welfare or safety in the requirement of provisions of G.S. 8-26 [18A-26] regarding maximum amount

of alcoholic beverages which may be transported as between private vehicles and for-hire passenger vehicles, as defined in G.S. 20-38(20) (b).

2. That the requirement of statute as to persons utilizing private vehicles as opposed to those utilizing for-hire passenger vehicles, is arbitrarily discriminatory and is in violation of the Fourth Amendment [Fourteenth Amendment] to the United States Constitution and Article 1 Section 19 of the North Carolina Constitution, declaring that no person be denied equal protection of the law."

It is apparent from the conclusions of law in the order that Judge Herring interpreted the statute as being discriminatory in allowing persons utilizing for-hire passenger vehicles to transport more alcoholic beverages than persons transporting alcoholic beverages in a privately owned vehicle.

Assuming arguendo that Judge Herring was correct in concluding that the statute in question does permit the transportation of more than one gallon of alcoholic beverage in a motor vehicle for hire under some circumstances without obtaining a permit, still it does not necessarily follow that such discrimination is "arbitrary" or that the discrimination serves "no reasonable relation to the public peace and welfare."

The classification in the present case does not affect any "fundamental interest" of the defendants and is not "inherently suspect," so as to require a "compelling State interest" in order to justify the discrimination on Constitutional grounds. *See In re Walker,* 282 N.C. 28, 191 S.E. 2d 702 (1972), and cases cited therein. Indeed, the U. S. Supreme Court in *California v. LaRue,* 409 U.S. 109, 34 L.Ed. 2d 342 (1972), stated that:

"While the States, vested as they are with general police power, require no specific grant of authority in the Federal Constitution to legislate with respect to matters traditionally within the scope of the police power, the broad sweep of the Twenty-first Amendment has been recognized as conferring something more than the normal state authority over public health, welfare, and morals [in the area of alcoholic beverage regulation]."

If a classification is based on differences reasonably related to the purposes of the legislation in which it is found, then such classification does not offend the equal protection

clause of either the Federal or State Constitutions. *In re Walker,
supra.* "[T]he General Assembly may distinguish, select and
classify objects of legislation provided such classifications are
reasonable and just and apply uniformly to all members of the
affected class." *Ramsey v. Veterans Commission,* 261 N.C. 645,
135 S.E. 2d 659 (1964).

There are significant differences present in the transporta-
tion of alcoholic beverages owned by passengers traveling in a
for-hire passenger vehicle and transportation in private vehicles.
The for-hire vehicle, in most instances, must serve anyone who
demands a ride and has the money to pay for it. The driver of
a for-hire vehicle has no authority to inspect the contents of
baggage which the passenger might be carrying to determine if
there are possible violations of the State's liquor laws. A person
owning or operating a private vehicle has a choice to allow a
rider or not and to require him not to bring particular items
with him.

The State has a legitimate legislative interest in controlling
the sale and transportation of alcoholic beverages.

> " 'In the area of economics and social welfare, a state does
> not violate the Equal Protection Clause merely because the
> classifications made by its laws are imperfect. If the classi-
> fication has some "reasonable basis," it does not offend the
> Constitution simply because the classification "is not made
> with mathematical nicety or because in practice it results
> in some inequality." ' *Dandridge v. Williams,* 397 U.S.
> 471, 485, 25 L.Ed. 2d 491, 501-02, 90 S.Ct. 1153, 1161
> (1970)." *Glusman v. Trustees* and *Lamb v. Board of Trus-
> tees,* 281 N.C. 629, 638, 190 S.E. 2d 213, 219 (1972).

There exists a "reasonable basis" for distinguishing trans-
portation of alcoholic beverages in a for-hire passenger vehicle
from other modes of transportation. The statute in the present
case is not unconstitutional on its face or as applied to these
defendants. The order appealed from is reversed and the cause
is remanded to the Superior Court with directions that the Su-
perior Court remand the cause to the District Court for further
proceedings as by law provided.

Reversed and remanded.

Judges PARKER and ARNOLD concur.