R. CURTIS RATCLIFF, INDIVIDUALLY AND ON BEHALF OF OTHER CITIZENS AND RESIDENTS OF BUNCOMBE COUNTY, NORTH CAROLINA v. THE COUNTY OF BUNCOMBE

No. 8628SC37

(Filed 3 June 1986)

1. Constitutional Law § 4.2— statute prohibiting county commissioner from being county manager—standing to challenge constitutionality

The trial court properly dismissed plaintiff's complaint challenging the constitutionality of a statute prohibiting the chairman of the Buncombe County Commissioners from simultaneously holding the office of county manager where plaintiff accepted the benefits of the act by being elected to the Buncombe County Board of Commissioners and by being elected chairman of the board under the act.

2. Appeal and Error § 3— constitutionality of statute—not raised in lower court

The Court of Appeals would not rule upon the issue of whether the trial court erred by failing to declare a disputed statute unconstitutional where defendant did not seek such relief in its motion for judgment on the pleadings and the trial court did not reach or rule upon the question of the constitutional validity of the statute.

APPEAL by plaintiff from Lamm, Judge. Judgment entered 12 December 1985 in BUNCOMBE County Superior Court. Heard in the Court of Appeals 15 May 1986.

In 1983 the North Carolina General Assembly enacted a bill, codified at Chapter 129 of the 1983 Session Laws, entitled "An Act to Provide that Buncombe County Shall Be Governed by a Board of Commissioners Elected Together, and Shall Be Under the County-Manager Plan" (hereinafter the Act). The Act provided for the election of a board of five county commissioners for

four-year terms and for the election of the chairman and vice-chairman of the board by the board members. Section 2 of the Act provided for the establishment of a county manager form of government. Section 2 further provided that "neither the chairman nor any other member of the board of commissioners may simultaneously hold the office of county manager."

Plaintiff, then the chairman of the Buncombe County Board of Commissioners and chief administrative officer for the county, filed an action in federal court challenging the constitutionality of the Act. The federal court abstained from deciding the merits of the case on the ground that there were state law questions to be answered. *See Ratcliff v. County of Buncombe*, 759 F. 2d 1183 (4th Cir. 1985). On 15 October 1985 plaintiff filed the present declaratory judgment action seeking to have the portion of the Act prohibiting dual office-holding declared unconstitutional.

In the meantime, plaintiff was elected to the Buncombe County Board of Commissioners in the 1984 elections provided for in the Act and was elected board chairman by a majority of the board members. He then submitted his application for the position of county manager. The Board, however, refused to consider his application because of the disqualification provision of Section 2 of the Act. Plaintiff, nonetheless, has been serving as interim county manager while the position of county manager remains vacant during this litigation.

Both sides moved for judgment on the pleadings and for summary judgment. Finding that plaintiff lacked standing to challenge the constitutionality of the Act, the court granted defendant's motion for judgment on the pleadings and entered judgment dismissing plaintiff's complaint. Plaintiff appealed.

*Robert B. Long, Jr. and Steve Warren, for plaintiff-appellant.*

*Shuford, Best, Rowe, Brondyke & Orr, by James Gary Rowe, for defendant-appellee.*

WELLS, Judge.

[1] The law is well settled that "one who voluntarily proceeds under a statute and claims benefits thereby conferred will not be heard to question its constitutionality in order to avoid its burdens." *In re Appeal of Martin*, 286 N.C. 66, 209 S.E. 2d 766 (1974),

*quoting* 16 Am. Jur. 2d, *Constitutional Law* § 135 (1964). Thus, in *Martin*, Mecklenburg County was held to be precluded from challenging the constitutionality of exemptions from taxation after having exercised its taxing powers under the statute. Similarly, in *Ramsey v. Veterans Commission*, 261 N.C. 645, 135 S.E. 2d 659 (1964), an applicant for a scholarship provided by statute was precluded from challenging the constitutionality of eligibility requirements stated by the statute. *See also City of Durham v. Bates*, 273 N.C. 336, 160 S.E. 2d 60 (1968) (landowners could not challenge constitutionality of eminent domain statute when they had accepted part of deposit under statute); *Convent v. Winston-Salem*, 243 N.C. 316, 90 S.E. 2d 879 (1956) (plaintiff, who had obtained special use permit under zoning ordinance, was barred from challenging ordinance and restrictions in permit); *Goforth Properties, Inc. v. Town of Chapel Hill*, 71 N.C. App. 771, 323 S.E. 2d 427 (1984) (plaintiffs, having built under a building permit issued pursuant to an ordinance, were precluded from challenging ordinance).

It is undisputed in the present case that plaintiff has accepted the benefits of the Act by being elected to the Buncombe County Board of Commissioners and by being elected chairman of the Board under the Act. He thus will not be heard to challenge the constitutionality of a statute under which he has benefited. We therefore hold that the court properly dismissed plaintiff's complaint.

[2] Defendant County has attempted to assert a cross-assignment of error, contending that the trial court erred in failing to declare the disputed statute to be constitutional. In its motion for judgment on the pleadings, defendant did not seek such relief, nor did the trial court reach or rule upon the question of the constitutional validity of the statute. Under these circumstances, we will not reach or rule upon this question. *See Comr. of Insurance v. Rate Bureau*, 300 N.C. 381, 269 S.E. 2d 547 (1980) and cases cited and relied upon therein. This assignment is overruled.

The judgment appealed from is

Affirmed.

Judges ARNOLD and BECTON concur.