CITY OF CONCORD v. ALL OWNERS OF TAXABLE PROPERTY

[330 N.C. 429 (1991)]

_____

CITY OF CONCORD v. ALL OWNERS OF TAXABLE PROPERTY WITHIN THE CITY OF CONCORD AND ALL CITIZENS RESIDING IN THE CITY OF CONCORD

No. 307PA91

(Filed 6 December 1991)

**Municipal Corporations § 39.3 (NCI3d)— refunding bonds—in excess of outstanding bonds—not unconstitutional**

The plain words of the Constitution of North Carolina allow the General Assembly to provide for the issuance of refunding bonds. No requirement that the refunding indebtedness

CITY OF CONCORD v. ALL OWNERS OF TAXABLE PROPERTY

[330 N.C. 429 (1991)]

be less than or equal to the outstanding indebtedness appears in the Constitution. However, N.C. Const. art V, § 4 limits the incurring of such debt so that the funds received can be used only to retire an existing debt, and N.C.G.S. § 159-78 also restricts the amount of debt which may be incurred by the issuance of refunding bonds so that the proceeds from the refunding bonds may not exceed an amount necessary to pay an existing indebtedness. N.C.G.S. § 159-72.

**Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions §§ 656-659; Public Securities and Obligations §§ 261-263, 267.**

ON discretionary review pursuant to N.C.G.S. § 7A-31 prior to determination by the Court of Appeals of an order granting summary judgment in favor of plaintiff, entered by *Davis (James C.), J.,* in Superior Court, CABARRUS County on 27 June 1991. Heard in the Supreme Court 15 November 1991.

The plaintiff brought this action under N.C.G.S. § 159-74 seeking a determination of the validity of certain bonds it proposes to issue. On 4 June 1984 the voters of the City of Concord approved the issuance of general obligation bonds in the amount of $20,000,000. On 2 October 1984 the City sold general obligation bonds in the amount of $8,305,000 pursuant to this authorization. The average interest cost on these bonds is 10.04%.

It is possible for the City to save a substantial amount in interest costs if it issues bonds on which the interest rates are lower than the interest rates on the outstanding bonds and retires the outstanding bonds. The outstanding bonds cannot be called until 1 April 1994, however, and in order to take advantage of the present favorable interest rates, which might not be available in 1994, the City proposes to issue the refunding bonds at this time.

The money realized from the sale of the refunding bonds will be placed in escrow and the interest from this escrow account will be used to pay the interest on the now outstanding bonds until the bonds can be called. The interest on an amount placed in escrow equal to the amount of the outstanding bonds will not be enough to pay the interest on the outstanding bonds because of the fall in interest rates since the bonds were issued. In order to generate enough funds to be placed in escrow to pay the interest on the outstanding bonds, the City proposes to issue refunding

bonds in an amount larger than the face amount of the outstanding bonds. It is this proposal to issue refunding bonds in an amount larger than the presently outstanding bonds which the defendants contend violates the Constitution of North Carolina.

The superior court granted the plaintiff's motion for summary judgment. The defendants appealed.

*Parker, Poe, Adams & Bernstein, by Charles C. Meeker and Blair Levin, and Johnson, Belo & Plummer, by Gordon L. Belo, for plaintiff appellee.*

*Critz, Black & Rogers, P.A., by William F. Rogers, Jr. and Robert M. Critz, for defendant appellants.*

*Douglas A. Johnston, Assistant Attorney General, for Attorney General of the State of North Carolina, amicus curiae.*

*James B. Blackburn, III, General Counsel, for North Carolina Association of County Commissioners, and S. Ellis Hankins, General Counsel, for North Carolina League of Municipalities, amicus curiae.*

WEBB, Justice.

N.C.G.S. § 159-72 and N.C.G.S. § 159-78 allow municipalities to issue general obligation refunding bonds in an amount greater than the bonds to be refunded without a vote of the people. The only question involved in this appeal is whether these sections violate N.C. Const. art. V, § 4, which provides in pertinent part:

(2) *Authorized purposes; two-thirds limitation.* The General Assembly shall have no power to authorize any county, city or town, special district, or other unit of local government to contract debts secured by a pledge of its faith and credit unless approved by a majority of the qualified voters of the unit who vote thereon, except for the following purposes:

(a) to fund or refund a valid existing debt[.]

The City contends that the plain words of subsection (2)(a), quoted above, create an exception to the constitutional prohibition against creating a debt secured by the faith and credit of the City without a vote of the people. Defendants contend that by allowing the issuance of refunding bonds in an amount in excess of the face amount of the outstanding bonds, the City will create more of

a debt than the debt to be retired. The defendants say that this creates a new debt and is proscribed by N.C. Const. art. V, § 4.

Statutes enacted by the General Assembly are presumed to be constitutional. *Wayne County Citizens Assn. v. Wayne County Bd. of Comrs.*, 328 N.C. 24, 29, 399 S.E.2d 311, 314 (1991). A statute will not be declared unconstitutional unless its unconstitutionality is so clear that no reasonable doubt can arise, or the statute cannot be upheld on any reasonable ground. *Ramsey v. Veterans Commission*, 261 N.C. 645, 135 S.E.2d 659 (1964). The North Carolina Constitution is a restriction on the power of the General Assembly and enactments of the General Assembly not forbidden therein will not be declared unconstitutional. *In re Housing Bonds*, 307 N.C. 52, 57, 296 S.E.2d 281, 284 (1982).

We hold that the plain words of the Constitution of North Carolina allow the General Assembly to provide for the issuance of refunding bonds in this case. The exception created by subsection (2)(a) simply and clearly states that voter approval is not required if the municipality's purpose for contracting the debt is to refund a valid existing debt. No requirement that the refunding indebtedness be less than or equal to the outstanding indebtedness appears in the Constitution and we decline to impose one.

The defendants, relying on cases from other jurisdictions, contend that N.C. Const. art. V, § 4 authorizes the issuance of refunding bonds without a vote of the people only for the purpose of refunding a valid existing debt and may not exceed the outstanding principal amount of the valid existing debt. We base our decision in this case on the wording of our Constitution. The cases from the other jurisdictions do not apply. We can find nothing in our Constitution that so limits the General Assembly in authorizing municipalities to issue bonds. If it creates a new debt, as argued by the defendants, it is a debt authorized by the Constitution and the General Assembly.

The incurring of debt as the City proposes to do in this case is not unlimited. N.C. Const. art. V, § 4 limits the incurring of such debt so that the funds received can be used only to retire an existing debt. N.C.G.S. § 159-78 also restricts the amount of debt which may be incurred by the issuance of refunding bonds so that the proceeds from the refunding bonds may not exceed an amount necessary to pay an existing indebtedness.

This opinion is consistent with *Bank v. Bryson City*, 213 N.C. 165, 195 S.E. 398 (1938) and *Bolich v. Winston-Salem*, 202 N.C. 786, 164 S.E. 361 (1932). Although the issue raised in this case was not discussed in either of those cases, both of those cases approved the issuance of refunding bonds on which the payments were larger than the amounts of indebtedness to be retired.

For the reasons stated in this opinion, the judgment of the superior court is affirmed.

Affirmed.